Allread, J.
George Landrey, as chief of the fire department, and John W. Weddle, as chief of police, of the city of Troy, were removed from office by the mayor, Clay E. Harmon.
They each appealed to the municipal civil service commission where the orders of the mayor were affirmed.
Appeals were then taken to the court of common pleas where the proceedings were dismissed upon the ground that the court had ho jurisdiction to *218 review the evidence before the commission or to try the questions of removal de novo.
• These proceeding's in error are brought to obtain reversals of the judgments of the court of common pleas with instructions to try de novo the questions of removal.
The right of appeal depends upon the following portion of Section 486-17a, General Code (106 O. L., 412):
“Provided, however, that in the case of the removal of a chief of police or chief of the fire department of a municipality an appeal may be had from the decision of the municipal commission to the court of common pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days from the finding of the commission.”
Counsel for defendants in error contend that the absence of a provision fixing the details as to the transfer of such case renders the appeal provision ineffective and invalid.
We think there is sufficient in the statute to make the appeal effective.
The statute is quite as definite as Section 2461, General Code, in relation to appeals from the board of county commissioners to the court of common pleas, the validity of which has been repeatedly affirmed by our supreme court.
The appeals in the court of common pleas in the cases at bar were complete when the appellants caused to be filed in the court of common pleas the papers, or copies thereof, upon which the cases *219 were heard before the municipal commission, and transcripts of the decisions of such commission.
It is next contended by counsel for defendants in error that the appeals invoke the jurisdiction of the court of common pleas merely to review the sufficiency of the charges or reasons for removal, but do not confer jurisdiction to try the questions of removal de novo.
This question is not free from difficulty. Counself for defendants in error in support of their view cite the cases of State, ex rel. Atty. Genl., v. Hawkins, 44 Ohio St., 116; State, ex rel. Atty. Genl., v. Hoglan et al., 64 Ohio St., 545, and State, ex rel. Nolan, v. ClenDening, 93 Ohio St., 264.
It must be kept in mind, however, in considering the Hawkins, Hoglan and ClenDening cases, that they were not under statutes providing for appeals.
They were quo warranto, mandamus or prohibition cases in which the court determined only as to the jurisdiction of the tribunal to hear and determine the charges presented.
The legislature by the appeal provision above quoted evidently intended to change the rule represented by the Hawkins, Hoglan and ClenDening cases and to confer a more extensive jurisdiction upon the court of common pleas, as the court of final appeal where the grounds of removal might be tried and considered as a judicial question.
An “appeal” from the “decision of the municipal commission” would imply that the case be heard de novo.
The legislature is presumed to have.used the *220 word “appeal” in view of its accepted and established meaning.
In the case of Zanesville v. The Zanesville Telegraph & Telephone Co., 64 Ohio St., 67, on page 83, Williams, J., says: “An appeal is the removal of a cause or matter from an inferior jurisdiction after its decision, to a superior jurisdiction for retrial on its merits.”
In Aultman, Miller & Co. v. Seiberling, 31 Ohio St., 201, 204, it is said: “The effect of an appeal, under our system, is to vacate the order, decision, or decree appealed from, and to carry the cause into the appellate court, both upon the law and facts, the same as if no decision had been made.”
The same definition is found in other reported cases.
It is contended that the appeal clause conferring jurisdiction upon the court of common pleas “to determine the sufficiency of the cause of removal” is a limitation of the jurisdiction of the court of common pleas to a determination of the sufficiency of the reasons for removal or of the written charges upon which the case was heard before the municipal commission.
We think, however, upon careful consideration, that this clause does • not confine the jurisdiction of the court of common pleas to a mere review of the sufficiency of the written charge filed or the reason assigned as a ground for removal.
The “cause of removal” referred to in the statute lies back of the written charge and is the act or conduct of the official upon which the removal was founded.
*221 There are many pertinent definitions given by jurists and text-writers, but we find it unnecessary to go further than to quote from Judge Spear in the case of B. & O. Rd. Co. v. Larwill, 83 Ohio St., 108, on page 115, as follows:
“A cause of action is the fact or combination of facts which gives rise to a right of action, the existence of which affords a party a right to judicial interference in his behalf.”
So, in each of the cases at bar, the cause of removal must necessarily antedate the proceedings for removal and consist of the fact or combination of facts upon which the order of removal was made.
The fact that the appeal is the second appeal in the same proceeding goes only to the construction of doubtful terms, if any, in the statute authorizing it. If the statute is sufficiently clear, as we think this statute is, the scope of the appeal should not be unduly limited.
We have considered the sufficiency of the reasons for removal, which with the explanations would probably constitute the issues, and are of opinion the same are sufficient.
The judgments of the court of common pleas in the above cases should be reversed and the causes remanded with instructions to proceed to trials de novo.

Judgments reversed.

Ferneding and Kunkle, JJ.’, concur.