IN RE REMOVAL OF KING AS CHIEF OF POLICE OF LORAIN:

GRALL, MAYOR, *v.* KING.

*Municipal corporations — Mayor cannot maintain action, when — City solicitor to institute suits, when — Error proceedings.*

1. The mayor of a municipal corporation, as such, has no power to prosecute an action on behalf of the corporation in the name of the corporation.

2. Where the only parties interested in a suit are a chief of police and a municipal corporation, a petition in error in such suit which states "Now comes William F. Grall, Mayor of the City of Lorain, as plaintiff in error herein," etc., and is signed "Attorneys for Plaintiff in Error," will be dismissed on motion, the action not being brought by the city solicitor and it not being alleged that he refused to bring the suit upon request.

(Decided April 16, 1921.)

ERROR: Court of Appeals for Lorain county.

ON MOTION to dismiss petition in error.

*Mr. G. A. Resek* and *Mr. J. J. Smythe,* for plaintiff in error.

*Mr. Walter D. Meals; Mr. George L. Glitsch* and *Mr. Frank Stack,* for defendant in error.

WASHBURN, P. J.  A petition in error has been filed in this court which states that "Now comes William F. Grall, Mayor of the City of Lorain, as plaintiff in error herein," etc., and the petition in error is signed by "Attorneys for Plaintiff in Error." The action is not brought by the city solicitor, and it is not a suit in which it is alleged that the city solicitor has been requested to bring the action and has refused.

The matter is now before the court upon an application by such plaintiff in error to suspend the execution of the judgment of the common pleas court, and also on a motion filed by A. A. King asking that the petition in error be dismissed for the reason that the party bringing this action has no authority in law to prosecute such suit.

If the motion is well taken, it is, of course, unnecessary to say anything in reference to the application to suspend.

It is well settled that the filing of a petition in error is the bringing of a new action.  We are satisfied that William F. Grall, individually, was not a party to the action in the court of common pleas, and that no judgment was rendered against him in said court.  The only parties interested in the suit are A. A. King and the municipal corporation of the city of Lorain, against whom a judgment was rendered for costs in the court of common pleas.

We are clearly of the opinion that the suit can be prosecuted only by the municipal corporation, and that it should be brought in the name of such corporation, and that W. F. Grall as an individual cannot maintain the action.

But it is said that the action is on behalf of the city of Lorain and that the petition should be considered as if the words "William F. Grall, Mayor of" were omitted, in which case the petition in error would read: "Now comes the City of Lorain, plaintiff in error."

While we do not think that the petition should be so read, we will so consider it. The question that then presents itself is, How can the city bring an action?

Section 4311, General Code, provides that in certain specified instances the city solicitor shall bring suits on behalf of the corporation in the name of the corporation, and Section 4308, General Code, provides that "When required so to do by resolution of the council, the solicitor shall prosecute or defend, as the case may be, for and in behalf of the corporation, all complaints, suits and controversies in which the corporation is a party, and such other suits, matters and controversies as he shall, by resolution or ordinance, be directed to prosecute."

If this petition in error was signed by the city solicitor we would indulge the presumption that he had been authorized by council to prosecute the same in the name of the city. But such a presumption cannot be indulged in favor of the mayor, who, so far as we are able to ascertain, does not possess the right to begin any action on behalf of the corporation in the name of the corporation.

We are clearly of the opinion that except in those cases where the city solicitor is by statute specifically authorized to bring suits in the name of the corporation no suit can be properly brought in the name of the corporation, unless the council of the city has authorized the bringing of such suit. If the city of Lorain desires to bring an action of this character, there is ample time for the council to authorize the bringing of such an action and to direct that the city solicitor bring it, and in case he should refuse to do so to employ other counsel to bring it.

It follows from what has been said that we are of the opinion, and we so hold, that this suit, even if it be considered as being prosecuted in the name of the city of Lorain, cannot be maintained, for the reason that William F. Grall is not authorized to prosecute the same. Therefore the motion to dismiss the petition in error will be granted, which finally disposes of the matter in so far as anything is now pending before this court.

*Petition in error dismissed.*

INGERSOLL and VICKERY, JJ., concur.