GRAY, MAYOR, v. THE STATE, EX REL. PUTNAM, CHIEF OF POLICE.

*Municipal corporations—Chief of police—Executive department concerned with appointment and removal, and responsible for conduct—Error proceedings—Administrative officer or board first hearing matter, necessary party—Removal of chief of police sustained by civil service commission—Mayor may prosecute error proceedings after reversal by common pleas court.*

1. Executive department of municipal government is alone concerned with appointment and removal of chief of police, and must bear responsibility for chief's conduct.
2. That administrative officer or body first hears matter that is subsequently appealed to judicial tribunal does not prevent such officer or body from becoming actual party to proceeding on appeal in courts, but original adminis-

trative officer or body of necessity becomes party to appellate proceedings.

3. Where chief of police appealed from order of civil service commission affirming his removal from office by mayor, judgment of common pleas determining that chief of police was entitled to office and that no sufficient grounds existed for his removal impliedly required mayor to restore police chief to office and enjoined mayor from appointing another to fill office of chief of police, and hence mayor, in official capacity, had right to have judgment reviewed in Court of Appeals by petition in error.

(Decided May 4, 1927.)

ERROR: Court of Appeals for Washington county.

ON MOTION to dismiss.

*Messrs. Strecker & Williamson* and *Mr. C. C. Middleswart*, for the motion.

*Mr. R. M. Noll, Mr. F. C. Myers*, and *Mr. C. F. Leeper*, contra.

MAUCK, J. On August 4, 1926, John W. Gray, as mayor of the city of Marietta, removed Rollo G. Putnam, then filling the office of chief of police of that city. Putnam thereupon appealed from this order of removal to the civil service commission of the city, and that commission, after a hearing, affirmed the order of removal. Thereafter Putnam appealed from the decision of the commission to the court of common pleas of Washington county. That court after a full hearing decided the question at issue in favor of Putnam and entered its judgment to that effect. To this judgment, John W. Gray, as mayor, filed his petition in error, seeking

in this court a reversal of the common pleas. To this petition in error Putnam has filed a motion to dismiss on the ground that Mr. Gray, as mayor, has no authority to prosecute error from the judgment referred to.

The question raised by this motion seems to have been decided by the Court of Appeals of Lorain county, in *Grall, Mayor,* v. *King,* 14 Ohio App., 88. There it was held that a mayor who had removed a chief of police was not a party to the action heard on appeal in the court of common pleas, and could not prosecute error to the judgment of that court restoring the chief to his office. The view of that court was that the only parties in interest were the city and the officer whose office was in question, and that error proceedings could not be prosecuted in the name of the city unless authorized by the city council. If this position is sound, it leads to an undesirable result. The executive department of the municipal government is alone concerned with the appointment and removal of the chief of police. The responsibility for the chief's conduct must be borne alone by that department, and particularly by the mayor, the chief executive of the city. It would be unfortunate if the judgment of the common pleas court, determining and fixing executive powers, duties, and responsibilities, could be reviewed only by authority of the council that is charged with no responsibility in the premises. If, as is conceivable, the judgment of the common pleas court in any case is erroneous, the result would be that the chief of police would be fastened upon the executive department of the city by the legislative branch of the municipal government, and the chief would be beholden for

continued tenure in office, not to the mayor, but to the city council. So anomalous a situation ought not be tolerated unless the law clearly requires it.

It is true that the case on appeal in the common pleas is the same proceeding that was heard before the civil service commission, and that the proceeding before the civil service commission was, in effect, a review of the propriety of the mayor's action in removing the chief of police. The fact, however, that an administrative officer or body first hears the matter that is subsequently appealed to a judicial tribunal, does not prevent the officer or body first acting in the matter from becoming an actual party to the proceeding on appeal in the courts. Indeed, the rule seems to be that the original administrative officer or body does, of necessity, become a party to the appellate proceedings.

When appeals are taken to the court of common pleas from the findings of the Industrial Commission, that commission becomes a party to the appellate proceedings by virtue of the statute (Section 1465-90, General Code). Like illustrations can be found in the case of other appeals taken from administrative boards to the courts, where the statutes are silent. For instance, under Section 2461, General Code, a person asserting a claim against the county commissioners may appeal from the disallowance of such claim to the common pleas court. It is well established that the commissioners themselves are such parties to the judgment of the common pleas allowing such claim that they can prosecute error to such allowance. *Mannix* v. *Com'rs. of Hamilton Co.*, 43 Ohio St., 210, 1 N. E., 322.

As we view the case, the mayor removing the chief of police has just as much interest in the proceeding following such removal as the commissioners of a county have in an appeal taken from their rejection of a claim asserted against them. Among other things, the judgment of the common pleas in this case included the following:

"That said Rollo G. Putnam be, and he hereby is, reinstated and restored to said office of chief of police of said city of Marietta, Ohio, and to all things he has lost by reason of such removal; and said John W. Gray, as mayor of said city, and said city of Marietta, Ohio, are each and both hereby ordered and directed to permit said Rollo G. Putnam to immediately enter upon and perform the duties of said office of chief of police of said city of Marietta, Ohio."

If the common pleas had authority to enter the foregoing specific order against Mr. Gray, as mayor, it was clearly such a final order as would enable Mr. Gray to prosecute error thereto. It is argued, however, that the common pleas had no jurisdiction to make any further finding than that no sufficient grounds existed for the removal of the chief of police, and that in so far as the entry undertook to impose an order upon the mayor it was surplusage and void. Conceding, however, that the express order against the mayor is void, the judgment determining that Putnam was entitled to the office carried with it an implied order quite as broad in its implications as the express order above quoted. The judgment that no sufficient grounds existed for the removal of the chief of police as effectively circumscribed the mayor's future official

450    OHIO APPELLATE REPORTS.

Gray *v.* State, ex rel. Putnam.    [24 Ohio

action as the express order above quoted could have done. It was, in effect, a requirement that the mayor restore to Putnam the insignia of his office, that he issue police orders through him, and that he co-operate with him in the conduct of police affairs. It was also, in effect, an injunction against his appointing another to fill the office of the chief of police. It may be true that the judgment now sought to be reviewed is not such a judgment as would support a proceeding in contempt of court if the mayor should ignore the same, but it at least constitutes a predicate for an action in mandamus, to which the mayor would have no defense, and consequently effectively and finally controls his official action.

We therefore conclude that because the judgment of the common pleas does affect the official conduct of the mayor he has a right in his official capacity to have reviewed in this court the judgment that so affects him. We accordingly refuse to follow *Grall, Mayor,* v. *King, supra.*

*Motion to dismiss overruled.*

MIDDLETON, J., concurs.
SAYRE, P. J., not participating.