Taft, J.
The ultimate question to be determined on this motion is whether a township board of zoning appeals or any of its members as such have any right to appeal from the judgment of a court, rendered on appeal from a decision of such board and reversing and vacating that decision. If they do not, the motion must be sustained.
There appears to be a conflict in the decisions outside this state on the question whether an administrative board, established to review on appeal the decisions of administrative officers, may appeal from a judgment affecting its decision where there is no legislative lan *304 guage expressly authorizing it to do so. See annotation, 117 A. L. R., 216. Apparently, the question has not previously been considered by this court although it has been considered by Courts of Appeals in this state. See State v. Tancer, 62 Ohio Law Abs., 367, and Minnis v. Hamilton County Board of Zoning Appeals, 89 Ohio App., 289, 101 N. E. (2d), 388. Cf. Gray, Mayor, v. State, ex rel. Putnam, Chief, 24 Ohio App., 445.
Paragraph two of the syllabus in Lindblom v. Board of Tax Appeals, 151 Ohio St., 250, 85 N. E. (2d), 376, reads:
■ “There is no right of appeal from a decision of a statutory board or a judgment of a legally constituted court except as provided by statute. ’ ’
The township board of zoning appeals is a statutory board. See Sections 3180-37 to 3180-39, inclusive, General Code. There is no statutory language which expressly confers upon that board any right to appeal from a judgment of a court or even to participate as a party in an appeal to a court from one of its decisions.
Section 3180-39, General Code, provides in part as follows:
“Appeals to the board of zoning appeals may be taken by any person aggrieved or by any officer of the township affected by any decision of the administrative officer * * *
“The township board of zoning appeals shall fix a reasonable time for the hearing of the appeal, give ten days’ notice to the parties in interest and decide the same within a reasonable time after it is submitted. * * * Any person adversely affected by a decision of a township board of zoning appeals may appeal to the Court of Common Pleas * *
In an appeal to the board of zoning appeals, the *305 board does not become a party to that appeal. Its powers, as specified in Section 3180-38, General Code, are “to hear and decide appeals” and “to authorize, upon appeal, in specific cases * * * variance from the terms of the zoning resolution * * The legislative provisions for such a board are entirely inconsistent with any idea that the board or its members as such should be considered as persons “aggrieved” or “affected by any decision of the administrative officer” from which an appeal is taken, as parties interested in what decision should be rendered by them on the appeal, or as parties who might be “adversely affected” by any decision they might render. See Ohio Contract Carriers Assn., Inc., v. Public Utilities Commission, 140 Ohio St., 160, 42 N. E. (2d), 758. That legislation apparently contemplates that the board should be as disinterested in deciding matters brought before it as a court should be.
It has been argued that the function of the board is to represent the interests of the public; and that, therefore, it must, if those interests are to be protected, be allowed to have an interest adverse to the appellee in the instant case.
Admittedly, the board does represent the interest that the public has in having appeals correctly heard and decided and in having proper authorizations on such appeals for variances from the terms of the zoning resolution. However, it does not follow that the board or any of its members as such may become partisans when one of its decisions is questioned on an appeal to a court. Sufficient partisan representation of any interest of the public in warding off appellate attacks on the decisions of the board can be furnished either by the administrative officer, from whose decision an appeal to the board is authorized by statute, or by “any person aggrieved or by any officer *306 of the township [other than members of the board as such] affected by any decision of the administrative officer.” If no one appeals to the board from a decision of an administrative officer, then the decision of the administrative officer stands. If a proper party does appeal, then a party so appealing is in a position which should enable satisfactory representation of interests of the public which may be adversely affected by the decision made by the administrative officer.
It may be that neither Mr. Bond nor Mrs. Ehlers, who had appealed from the decision of the township zoning inspector to the board of zoning appeals, had notice of the proceedings before the Common Pleas Court or the proceedings before the Court of Appeals. However, neither of those parties is appealing to this court. It is, therefore, not necessary to express an opinion as to whether, if they were, they could complain of action of the Common Pleas Court and of the Court of Appeals taken without any notice to them of the appeal to those courts. Since there is no one before this court who has a right to appeal from the judgment of the Court of Appeals, the motion to dismiss must be sustained. See Board of Education of Hopewell Township, Perry County, v. Guy, Aud., 64 Ohio St., 434, 447, 60 N. E., 573.

Motion sustained.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Matthias and Hart, JJ., concur.