O’Neill, J.
The initial question presented here is: Did the mayor have a right of appeal to the Court of Appeals from the judgment entered in the Common Pleas Court reinstating Taylor as chief of police of the city of Eastlake?
Taylor asserts the following two grounds for his position that the mayor had no right of appeal: (1) Section 119.12, Revised Code, which is part of the Administrative Procedure Act, is applicable to this case, and, therefore, the civil service commission had the exclusive right to appeal in this case; (2) even if the mayor had the right to appeal under the Appellate Procedure Act, the mayor was not a litigant or a party to the case in the Common Pleas Court and, therefore, had no right of appeal.
Taylor cites Owens v. Ackerman, Safety Dir., 72 Ohio Law Abs., 552, 136 N. E. (2d), 93, in support of his contention that the Administrative Procedure Act is applicable to this appeal.
This court does not agree with the contention of Taylor that Section 119.12, Revised Code, is applicable to this appeal. Section 119.01, Revised Code, defines the agencies to which Section 119.12 is applicable. Reference is made in Section 119.01 to the civil service commission, but a careful reading of both sections makes it clear that this reference is to the state Civil Service Commission and not to a municipal civil service commission.
The case of Gray, Mayor, v. State, ex rel. Putnam, Chief *396 of Police, 24 Ohio App., 445, 157 N. E., 905, decided May 4, 1927, which was prior to the enactment of the Administrative Procedure Act, succinctly states the rule of law which this court believes to be controlling in this case and articulately sets forth the reasoning and public policy supporting such rule.
The question litigated in that case was whether the mayor of the city had the right to appeal from the judgment of the Common Pleas Court reinstating the chief of police who had been removed by the mayor. The chief of police took the position that the mayor had no authority to prosecute error from the judgment of the Common Pleas Court. The chief of police relied upon Grall, Mayor, v. King, 14 Ohio App., 88, where it was held that a mayor who had removed a chief of police was not a party to an action on appeal to the Common Pleas Court and could not prosecute error proceedings from the judgment of that court restoring the chief to his office. The view of the Court of Appeals was that the only parties in interest were the city and the officer whose office was in question, and that error proceedings could not be prosecuted in the name of the city unless authorized by the city council.
Judge Mauck of the Fourth District Court of Appeals, in discussing the Grail case, in his opinion said:
“If this position is sound, it leads to an undesirable result. The executive department of the municipal government is alone concerned with the appointment and removal of the chief of police. The responsibility for the chief’s conduct must be borne alone by that department, and particularly by the mayor, the chief executive of the city. It would be unfortunate if the judgment of the Common Pleas Court, determining and fixing executive powers, duties, and responsibilities, could be reviewed only by authority of the council that is charged with no responsibility in the premises. If, as is conceivable, the judgment of the Common Pleas Court in any case is erroneous, the result would be that the chief of police would be fastened upon the executive department of the city by the legislative branch of the municipal government, and the chief would be beholden for continued tenure in office, not to the mayor, but to the city council. So anomalous a situation ought not be tolerated unless the law clearly requires it.
*397 “It is true that the case on appeal in the common pleas is the same proceeding that was heard before the civil service commission, and that the proceeding before the civil service commission was, in effect, a review of the propriety of the mayor’s action in removing the chief of police. The fact, however, that an administrative officer or body first hears the matter that is subsequently appealed to a judicial tribunal, does not prevent the officer or body first acting in the matter from becoming an actual party to the proceeding on appeal in the courts. Indeed, the rule seems to be that the original administrative officer or body does, of necessity, become a party to the appellate proceedings.”
The judgment of the Common Pleas Court in the Gray case included the following:
“That said Eolio G. Putnam be, and he hereby is, reinstated and restored to said office of chief of police of said city of Marietta, Ohio, and to all things he has lost by reason of such removal; and said John W. Gray, as mayor of said city, and said city of Marietta, Ohio, are each and both hereby ordered and directed to permit said Eolio G. Putnam to immediately enter upon and perform the duties of said office of chief of police of said city of Marietta, Ohio.”
Of this order, Judge Mauck had this to say in his opinion:
“If the common pleas had authority to enter the foregoing specific order against Mr. Gray, as mayor, it was clearly such a final order as would enable Mr. Gray to prosecute error thereto. It is argued, however, that the common pleas had no jurisdiction to make any further finding than that no sufficient grounds existed for the removal of the chief of police, and that in so far as the entry undertook to impose an order upon the mayor it was surplusage and void. Conceding, however, that the express order against the mayor is void, the judgment determining that Putnam was entitled to the office carried with it an implied order quite as broad in its implications as the express order above quoted. The judgment that no sufficient grounds existed for the removal of the chief of police as effectively circumscribed the mayor’s future official action as the express order above quoted could have done. It was, in effect, a requirement that the mayor restore to Putnam the insignia *398 of Ms office, that he issue police orders through him, and that he co-operate with him in the conduct of police affairs. It was also, in effect, an injunction against his appointing another to fill the office of the cMef of police. It may be true that the judgment now sought to be reviewed is not such a judgment as would support a proceeding iii contempt of court if the mayor should ignore the same, but it at least constitutes a predicate for an action in mandamus, to which the mayor would have no defense, and consequently effectively and finally controls Ms official action.
“We therefore conclude that because the judgment of the common pleas does affect the official conduct of the mayor he has a right in his official capacity to have reviewed in this court the judgment that so affects him.” (Emphasis supplied.)
The syllabus of the Gray case, which states the applicable rule of law, is as follows:
“1. Executive department of municipal government is alone concerned with appointment and removal of chief of police, and must bear responsibility for chief’s conduct.
“2. That administrative officer or body first hears matter that is subsequently appealed to judicial tribunal does not prevent such officer or body from becoming actual party to proceeding on appeal in courts, but original administrative officer or body of necessity becomes party to appellate proceedings.
“3. Where chief of police appealed from order of civil service commission affirming his removal from office by mayor, judgment of common pleas determining that chief of police was entitled to office and that no sufficient grounds existed for his removal impliedly required mayor to restore police cMef to office and enjoined mayor from appointing another to fill office of chief of police, and hence mayor, in official capacity, had right to have judgment reviewed in Court of Appeals by petition in error.”
The reasoning of Judge Mauek is even more cogent when applied to the instant case in which the question is whether the municipal civil service commission has the exclusive right to appeal from a judgment of the Common Pleas Court wMch reinstated a chief of police who had been removed by the mayor of the city, or whether the mayor has the right of appeal.
*399 The mayor, as the chief executive of the city, is responsible for law and order in the city and for the enforcement of the city ordinances and all criminal laws of the state and the United States (Sections 733.01, 733.03 and 737.11, Eevised Code). These provisions of the Eevised Code are made applicable to this cause by the provisions of Section 1, Article VII, Civil Service, of the Charter of the City of Eastlake. The authority of the mayor to appoint and remove the chief of police is confirmed by Section 6 of Article IV of the Charter. The mayor must rely upon the chief of police to carry out his orders and to cooperate with him in maintaining law and order. In his official capacity, the mayor is an aggrieved party and one adversely affected by a judgment of the Common Pleas Court disaffirming his order of removal of the chief of police and ordering the chief’s reinstatement. _ Ohio Contract Carriers Assn., Inc., v. Public Utilities Commission, 140 Ohio St., 160, 42 N. E. (2d), 758.
Pursuant to the provisions of Sections 2505.03 and 2505.05, Eevised Code, the mayor has a right to appeal. This right is re-enforced by the provisions of Section 2506.01, Eevised Code, effective September 16, 1957, which, it should be noted, is subsequent to the effective date of the Administrative Procedure Act.
Cases supporting the right of the mayor to appeal are Landrey v. Harmon, Mayor, 5 Ohio App., 217; Gray, Mayor, v. State, ex rel. Putnam, Chief of Police, supra; Kearns v. Sherrill, City Manager, 137 Ohio St., 468, 30 N. E. (2d), 805; Sorge v. Sutton, Jr., Dir., 159 Ohio St., 574, 113 N. E. (2d), 10.
With regard to Taylor’s second contention that, even if the mayor had a right of appeal under the Appellate Procedure Act, the mayor was not a litigant in the Common Pleas Court and, therefore, was precluded under the law from exercising the right of appeal she would have had as a litigant, the record discloses that the case in the Common Pleas Court, as docketed, showed the mayor as the appellee, and that the transcript of the proceedings filed by Taylor carried the name of the mayor as the appellee in the Common Pleas Court.
The mayor was, therefore, a party to the proceedings in the Common Pleas Court, was an aggrieved party and one adversely affected by the judgment of the Common Pleas Court, and, pur *400 suant to the provisions of Sections 2505.03 and 2505.05, Revised Code, was a litigant in the Common Pleas Court and a proper party to appeal in this case.
The second question presented by this case is: Did the chief of police have a right of appeal from the removal order of the mayor to the civil service commission of the city of East-lake and from the civil service commission to the Common Pleas Court?
This question was raised in the Common Pleas Court.
Section 737.11, Revised Code, provides in part:
“* * * The police and fire departments in every city shall be maintained under the civil service system.”
It is admitted by Taylor that he assumed his position without first taking a competitive promotional examination as required by law and without taking any competitive or noncompetitive civil service examination. Taylor argues that because he became chief of police of the village of Eastlake without civil service status before the village of Eastlake became a city, upon the village of Eastlake becoming the city of Eastlake, civil service benefits inured to him as chief of police of the city of Eastlake, even though no examination as ’required by law was ever taken.
The case of Smith v. City of Mayfield Heights, 63 Ohio Law Abs., 483, 108 N. E. (2d), 861, is relied upon to support this position. That case is not controlling.
This court has decided this question in State, ex rel. Ethell, v. Hendricks, 165 Ohio St., 217, 135 N. E. (2d), 362; State, ex rel. Petit, v. Wagner et al., Civil Service Comm., 170 Ohio St., 297, 164 N. E. (2d), 574; State, ex rel. DeMatteo, v. Allen, Mayor, 170 Ohio St., 375, 165 N. E. (2d), 644.
Taylor, having been carried over as chief of police of the city of Eastlake when the village acquired the status of a city, became chief of police of the city of Eastlake without taking the civil service examination required by law. He, therefore, was not in the classified service and not entitled to the benefits of the civil service law. He had no right of appeal to the civil service commission from the order of removal by the mayor or to the Common Pleas Court from the decision of the municipal civil service commission.
*401 The motion of the appellee to dismiss this appeal is overruled.
The judgment of the Court of Appeals should be, and hereby is, reversed, and final judgment is rendered for the appellant.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and Radcliee, JJ., concur.
Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.