## FISCHER ET AL. v. HANNA.

| 21 | 9 |
| 9a | 37 |
| 9a | 496 |

1. APPELLATE PRACTICE—PARTIES.

None but a party to the record in the trial court can prosecute an appeal or writ of error.

| 21 | 9 |
| 29 | 375 |

2. SAME.

The judgment appealed from must be against the party appealing; otherwise the appeal will be dismissed.

| 21 | 9 |
| 18a | 223 |
| 18a | 384 |

3. APPEAL BONDS.

The statutory condition in an appeal bond that the appellant shall pay the judgment in case of affirmance can apply only where the party against whom the judgment was rendered is the appellant.

| 21 | 9 |
| 33 | 186 |

*Appeal from the District Court of Arapahoe County.*

AN ACTION was instituted in the district court of Arapahoe county by The Colorado Savings Bank against William Lockhart Smith, Ferdinand C. Fischer and others, to foreclose a deed of trust upon lots 17, 18, 19 and 20, in block 231, in Denver, Arapahoe county, Colorado, together with the leasehold interest in said property, and fixtures and furniture in the theater building situate thereon.   Ferdinand C. Fischer was the trustee in a certain other deed of trust subject to that of plaintiff.   In this action E. R. Cooper was appointed receiver, who, by consent of the parties, sold the property and realized therefrom about $36,000.

During the pendency of the action The Chicago Lumber Company purchased the claim of plaintiff and the claims represented by Fischer, and by consent of the receiver the funds in his hands were turned over to this company upon its executing a bond to pay and satisfy certain contested claims, in case they should be adjudged to be due, and save the receiver harmless from all costs, damages, etc.   Among the claims so provided for was that of John B. Hanna, who had by petition intervened in the action.   To this petition the plaintiff and Fischer filed separate demurrers, which were overruled; and afterwards, upon the trial of the petition in intervention, the court found, *inter alia*, that the defendant Fischer and the other defendants had no interest in the suit and no right to contest the intervenor's petition, and "ordered, adjudged and decreed that the said John B. Hanna do have and recover of and from the said William Lockhart Smith, the sum of five thousand seven hundred and thirteen and $\frac{66}{100}$ dollars ($5,713.66), and that the right of the said John B. Hanna to a lien on the building and leasehold interest described in his petition is declared and established in the amount aforesaid; that out of the fund arising from the sale of the building aforesaid, the intervenor is entitled to satisfaction of the foregoing judgment, and the receiver is hereby ordered to pay forthwith to the said John B. Hanna the sum of $5,713.66; * * * and it is now adjudged that, inasmuch as the intervenor commenced work long prior to the

date of all other claims heretofore reduced to a decree herein, the judgment of the intervenor herein is adjudged prior to all claims heretofore adjudicated herein, and is entitled to satisfaction out of the $30,000 fund before any other claimant thereto; * * * that the intervenor recover his costs," etc.

The Chicago Lumber Company made application to be substituted as plaintiff in lieu of The Colorado Savings Bank, which application was denied. Fischer made application to set aside the hearing, and for further right to be heard upon the questions involved in the action, which application was also denied; whereupon The Chicago Lumber Company and Ferdinand C. Fischer brought the case to this court upon appeal.

Messrs. WHITFORD & LINDSLEY and Mr. C. M. BICE, for the motion to dismiss appeal.

Messrs. BENEDICT & PHELPS and Mr. HORACE PHELPS, opposing.

MR. JUSTICE GODDARD delivered the opinion of the court.

The right of appellants to maintain this appeal is attacked upon several grounds. *First,* because The Chicago Lumber Company was not a party to the record in the court below, and because the judgment appealed from is a personal judgment against Willam Lockhart Smith, and not against the appellants, or either of them. We think that upon both grounds the objection is well taken. It is well settled that to enable one to prosecute an appeal or writ of error, he must be a party to the record in the trial court. *Ex parte Cutting,* 94 U. S. 14; *Ex parte Cockcroft,* 104 U. S. 578; *Guion v. Liverpool, L. & G. Ins. Co.,* 109 U. S. 173; *Reid v. Quigley,* 16 Ohio, 445; *Bayard v. Lombard,* 9 How. (U. S.) 530; *Payne v. Niles,* 20 How. 219; *People ex rel. v. James Lynch,* 54 N. Y. 661; *Davis County v. Horn,* 4 Greene (Iowa), 94; *Fleming*

*v. Mershon*, 36 Iowa, 413 ; Powell on Appellate Proceedings, p. 374.

In the cases cited by counsel for appellants announcing a different rule, the courts had under consideration statutes that expressly gave to "any party aggrieved by the judgment" the right to appeal. Our statute contains no such provision, but enacts as follows :

"Appeals to the supreme court from the district * * * courts shall be allowed in all cases where the judgment or decree appealed from be final, and shall amount exclusive of costs, to the sum of one hundred dollars. (Since establishing the court of appeals the amount must exceed the sum $2,500.) * * * Provided, the party praying for such appeal shall by himself, or agent, or attorney, give bond," etc. Section 388, Code 1887.

In the case of *Reid v. Quigley, supra,* the court, construing a like statute, uses the following language :

" This is the only law which gives an appeal in any case, and this only enables the *party* to appeal from a judgment of an inferior court to the supreme court. This authority is given to *the party* to the judgment, and to no one else. Third persons are not authorized to act by the law, nor would good policy allow them to interfere and remove causes, by appeal. It is manifest that such a practice could not be tolerated, as it would produce many evils, and be subversive of private rights. "

Whatever may be the right of The Chicago Lumber Company to have this judgment reviewed in the name of The Colorado Savings Bank, its assignor, in the court of appeals, it clearly has no right, of its own motion, to make itself a party to the proceeding and prosecute an appeal in its own name. But it is insisted by counsel for appellants that the foregoing objections do not apply to Ferdinand C. Fischer, since he was a party to the record as defendant. If it may be held that Fischer still has an appealable interest in the judgment complained of, notwithstanding the claims represented by him, as trustee, have been assigned to The Chicago Lumber

Company, and it, the beneficiary of such trust, has received the proceeds realized from a sale of the trust property, still the decree against him is not of the character requisite to sustain an appeal to this court. It appears from the record that he and The Colorado Savings Bank demurred to intervenor's petition, which demurrers were overruled, and they appear to have elected to stand by their demurrers, since they filed no further pleading in the case.

The right to review the judgment of the court below overruling those demurrers is clearly not in this court, and the decree in itself is not, in fact or form, a decree against him for a money judgment, but is to the effect that he had no interest to contest intervenor's claim, and that the lien represented by him was subsequent and subordinate to that of intervenor.

This in no sense constitutes a decree that he may appeal to this court, whatever may be his right to obtain a review of the same in the court of appeals. That the judgment appealed from must be against the party appealing is settled by former decisions of this court. *Hall v. The Pay Rock C. M. Co.*, 6 Colo. 81; *Todd v. De La Mott*, 9 Colo. 222.

The parties therefore to this record entitled to an appeal to this court are William Lockhart Smith, against whom a personal judgment for a sufficient amount to give this court jurisdiction was rendered, and perhaps the receiver, since the decree compels him to pay the judgment out of funds in his hands. *Hinckley v. G., C. & S. R. R. Co.*, 94 U. S. 467.

Counsel for appellants recognized that a money judgment against the party appealing was essential, since by the recitals in the condition of the appeal bond it is made to appear, contrary to the decree, that the intervenor obtained judgment against the appellants for the sum of $5,713.66, and in terms obligates them and their sureties to pay such judgment, in case of affirmance.

That this statutory condition cannot be enforced against them is clear, since it " can only apply where the party

against whom the judgment is rendered is the appellant."
*Hall v. The Pay Rock C. M. Co.*, *supra.*

It is unnecessary to notice the further grounds presented,
as the motion to dismiss the appeal must be sustained for the
foregoing reasons.

*Appeal dismissed.*