BOOTH v. THE DOMESTIC WATER COMPANY.

1. APPEAL.
The right of appeal is statutory, and can be exercised only by the party against whom the judgment was rendered.
2. SAME.
If the prevailing party has not obtained all the relief to which he considers himself entitled, his only remedy is by writ of error.
3. SAME—DOCKETING UPON ERROR.
Whenever the appellate court shall dismiss an appeal for lack of jurisdiction to entertain the same, and it appears to the court that it would have had jurisdiction if the action had come up on writ of error, it may order the cause to be docketed as pending on error.

*Appeal from the District Court of Arapahoe County.*

Mr. A. S. BLAKE, for appellant.

No appearance for appellee.

Thomson, P. J., delivered the opinion of the court.

The appellant brought suit against the appellee to recover damages for the alleged wrongful diversion by the appellee of water belonging to the appellant. Equitable relief was also prayed. The case was tried by a jury, who returned a verdict in the plaintiff's favor for $2,000. A motion by the defendant for a new trial was denied, and the court rendered judgment in favor of the plaintiff for the amount of the verdict and for his costs. Afterwards a motion by the plaintiff for injunctive relief was denied, and thereupon the plaintiff prayed an appeal to this court, which was allowed upon condition that he file within ninety days an appeal bond in the penal sum of $300. In due time the bond was filed and approved, and the record lodged in this court. It is this record that we are now asked to review.

The only judgment rendered in the case was in the plaintiff's favor. The right of appeal is statutory, and can be exercised only by the party against whom the judgment is rendered. An appeal bond is conditioned for the payment of the judgment, costs, interest and damages, in case of the affirmance of the judgment, and consequently there can be no appeal by the party recovering judgment. If the prevailing party has not obtained all the relief to which he considers himself entitled, he can have the judgment reviewed here only by writ of error. An attempted appeal where the statute authorizes none confers no jurisdiction upon this court, and any judgment it might undertake to render upon the merits of the controversy would be void. *Hall v. Mining Co.*, 6 Colo. 81; *Vallette v. Mining & Smelting Co.*, 6 Colo. 204; *Fischer v. Hamer*, 21 Colo. 9.

It is provided by the code that whenever the appellate court shall dismiss an appeal for lack of jurisdiction to entertain the same, if it appears that the court would have jurisdiction if the action had come up on writ of error, the court shall order the clerk, without additional fees, to enter the action as pending on writ of error, and thereupon all the pro-

ceedings shall be such as if the action had been originally brought to the court on writ of error.    Session Laws, 1893, p. 80.

The appeal will therefore be dismissed, and the clerk ordered to enter the cause as pending on writ of error.

*Dismissed and docketed on error.*