4 So.2d 822

STATE ex rel. HURLEY et al. v. ZONING BOARD OF APPEAL AND ADJUSTMENT et al.

No. 36363.

Nov. 3, 1941.

James M. Colomb, Jr., and J. E. Hurley, both of New Orleans, for plaintiffs, appellees.

Lavinius Williams, of New Orleans, for defendant and appellant.

ROGERS, Justice.

Miss Beatrice Ford and Mrs. Harry Marchesseau applied to the City Engineer for a permit to construct a three-family dwelling, with garage attached, on their property No. 1315 Third Street in the City of New Orleans. The permit was refused by the City Engineer, on the ground that the proposed construction violated the restrictions placed upon the use of the property by the Comprehensive Zoning Ordinance of the municipality, in classifying as class "A" residential the district in which the property is situated. Ordinance No. 11,302, Commission Council Series of the City of New Orleans.

Miss Ford and Mrs. Marchesseau appealed to the Zoning Board of Appeal and Adjustment from the ruling of the City Engineer. The Board held a hearing on the appeal at which certain neighboring property owners were present and objected to the granting of the applicants' application for the reasons set forth in their objections. Despite the protests offered to the granting of the application of Miss Ford and Mrs. Marchesseau, the Zoning Board of Appeal and Adjustment adopted a resolution reversing the ruling of the City Engineer and directing him to issue the permit. Within thirty days after the adoption of the resolution, the protesting neighboring property owners, Jack E. Hurley and Mrs. Thelma Barkdull, wife of Dr. H. Theodore Simon, petitioned the Civil District Court for the Parish of Orleans

for the issuance of a writ of certiorari to review the decision of the Zoning Board of Appeal and Adjustment. A writ of certiorari was granted on the petition, and after hearing the parties, through their counsel, the Civil District Court reversed the decision of the Board and reinstated the ruling of the City Engineer.

The Zoning Board of Appeal and Adjustment has appealed from the judgment of the Civil District Court, and the appellees, Mr. Hurley and Mrs. Simon, have moved to dismiss the appeal on the ground, among others, that the Zoning Board of Appeal and Adjustment, as a quasi judicial body, has no right of appeal, since it can in no sense be aggrieved or injuriously affected by the judgment of the Civil District Court.

The same question was presented for decision in the case of State ex rel. Robert G. Bringhurst et al. v. Zoning Board of Appeal and Adjustment et al., La.Sup., 4 So.2d 820, this day decided. In that case it was held, following the general rule that the Zoning Board of Appeal and Adjustment of the City of New Orleans, exercising quasi judicial functions, not being a party to the proceeding and not having a legal interest in maintaining its decision, had no standing to appeal from the judgment of the Civil District Court reversing the decision. Hence, the appellees' motion to dismiss the appeal is well-founded and must prevail.

For the reasons assigned, the appeal herein is dismissed.