4 So.2d 820

**STATE ex rel. BRINGHURST et al. v. ZONING BOARD OF APPEAL AND ADJUSTMENT et al.**

No. 36294.

Nov. 3, 1941.

Louis B. Claverie, of New Orleans, for plaintiffs and appellees.

Lavinius L. Williams, of New Orleans, for defendants and appellants.

ROGERS, Justice.

James Cornelius Jones applied to the City Engineer for a permit to convert into a four-family dwelling his two-family dwelling, No. 4319 Hamilton Street, in the City of New Orleans. The property is situated in an "A" residential district as established by Ordinance No. 11,302, Commission Council Series, known as the Comprehensive Zoning Ordinance of the City of New Orleans. The City Engineer disapproved the application for the reason that the construction of the proposed four-family dwelling would be violative of the restrictions placed upon the use of the property by the municipal ordinance. Jones appealed from the ruling of the City Engineer to the Zoning Board of Appeal and Adjustment, created by Ordinance No. 13,649, Commission Council Series, adopted by the municipal authorities pursuant to the provisions of Act 240 of 1926.

At the hearing which was held on the appeal, a number of neighboring property owners appeared and opposed the issuance of the permit sought by Jones. After considering these oppositions, the Zoning Board of Appeal and Adjustment adopted a resolution reversing the ruling of the City

Engineer and directing him to issue the permit.

Within thirty days after the adoption of the resolution, four of the protesting home owners applied to the Civil District Court for the Parish of Orleans for the issuance of a writ of certiorari to review the decision of the Board. Section 7 of Act 240 of 1926. The application was granted, and after hearing the parties, through counsel, the Civil District Court, holding that the Zoning Board of Appeal and Adjustment was without authority to grant the relief sought by Jones, reversed the decision of the Board, and reinstated the ruling of the City Engineer refusing the permit. The Zoning Board of Appeal and Adjustment has appealed from the judgment of the Civil District Court, and the appellees have moved to dismiss the appeal on the following grounds: First, no appeal exists in a proceeding of this kind as a matter of right; second, if an appeal does exist in such a proceeding as a matter of right, the zoning Board of Appeal and Adjustment has no standing to appeal, because Act 240 of 1926 does not grant the Board a right of appeal; and third, the Zoning Board, as a quasi judicial body, has no such interest in the dispute as would give it a right to appeal from the judgment of the Civil District Court setting aside the Board's decision.

There is no necessity for discussing the first two grounds of the motion to dismiss, since the third ground is clearly well-founded.

■ The Zoning Board of Appeal and Adjustment of the City of New Orleans is solely a creature of statute, its creation

being authorized by section 7 of Act 240 of 1926 and being actually created by Ordinance No. 13,649 of the Commission Council Series for the City of New Orleans. The Board has no powers save those conferred upon it by law and such as are implied in the powers so conferred.

The powers of the Zoning Board of Appeal and Adjustment, as provided in section 7 of Act 240 of 1926, are: First, to hear and decide appeals where it is alleged there is error in an order, requirement, decision, or determination made by an administrative official in the enforcement of the statute or of any ordinance adopted pursuant thereto; second, to hear and decide all matters referred to·it or upon which it is required to pass under such ordinance; and third, in conformity with the provisions of the statute, to reverse or affirm wholly or partly, or to modify the order, requirement, decision, or determination appealed from. Section 7 of Act 240 of 1926 also provides that within thirty days after the filing of the decision of the Board in its office any person or persons jointly or severally aggrieved thereby may present to the district court of the parish or the municipality in which the property affected is situated a verified petition, setting forth the illegality of the decision, in whole or in part, and specifying the grounds of the alleged illegality. Upon the presentation of the petition, the court may allow a writ of certiorari directed to the Zoning Board of Appeal and Adjustment to review its decision and prescribe a time within which the return must be made. Upon the hearing, the court may take additional evidence or appoint a

referee to take such evidence and report his findings of fact and conclusions of law. After the hearing the court may reverse or affirm, wholly or in part, or may modify the decision brought before it for review.

■ It will be observed that the enumerated powers do not include the right of the Zoning Board of Appeal and Adjustment to appeal from a judgment of the district court reversing its own decision. (The right to question the decisions of the Board is limited by section 7 of Act 240 of 1926 to "any person or persons jointly or severally aggrieved by any decision of the board of adjustment.") Nor do the general provisions of the Code of Practice authorize the Zoning Board of Appeal and Adjustment to appeal from the judgment of the Civil District Court in a matter of this kind.

Article 564 of the Code of Practice provides: "An appeal is the act by which one of the parties to a suit has recourse to a superior tribunal, in order to have the judgment of an inferior court corrected."

Article 571 of the Code of Practice provides: "The right of appeal is given, not only to those who were parties to the cause in which a judgment has been rendered against them, but also to third persons not parties to such suit, when such third persons allege that they have been aggrieved by the judgment."

In State ex rel. Kreher v. Quinlan, 182 La. 721, 162 So. 577, 578, after analyzing the statute under which the Zoning Board of Appeal and Adjustment was created, this court held that the Board is essentially a quasi judicial body and that the rulings or decisions of the Board involve the ex-

ercise of the judgment and discretion of its members after a public hearing. It was stated in the opinion that "the Legislature, by providing for a writ of certiorari to review the rulings or decisions of the board, has fully recognized its quasi judicial character, as such writ is directed only to an inferior judge. Code Prac. art. 855."

The proceeding in this case is a special statutory proceeding in which the jurisdiction of both the Zoning Board of Appeal and Adjustment and the Civil District Court was exercised according to the statute and not according to general laws. In the exercise of its jurisdiction, the Zoning Board of Appeal and Adjustment acted as a quasi judicial body in hearing and deciding the appeal from the ruling made by the City Engineer refusing the application of the owner for a permit to convert a two-family dwelling into a four-family dwelling. In the exercise of its jurisdiction, the Civil District Court issued the writ of certiorari authorized by the statute, under which it reviewed and reversed the decision of the Zoning Board of Appeal and Adjustment.

The Zoning Board of Appeal and Adjustment was not a party to the proceeding before it, nor did it have any interest in the proceeding other than to decide the question presented for determination according to the proven facts and applicable law. Obviously, the Zoning Board of Appeal and Adjustment has no more right to appeal from the decision of the Civil District Court reversing its own decision than one of the judges of the Civil District Court would have to appeal to this Court from a judgment of the Court of Appeal reversing one of his decisions.

This rule has been recognized and applied by the courts of Maryland and Pennsylvania. In the case of Miles v. McKinney, 174 Md. 551, 199 A. 540, 545, 117 A.L.R. 217, the Maryland Court of Appeals, after reviewing the governing statute and ordinance creating the Board of Zoning Appeals in the City of Baltimore, which statute and ordinance are almost identical in terms with those under consideration in this case, stated: "Apart from legislative authority it would seem clear that the Board has no more right to appeal from its own decisions to the Baltimore City Court, or, from the decisions of that court to the Court of Appeals, than a justice of the peace, or such an agency as the State Industrial Accident Commission would have to appeal from judgments of a court reversing their decisions."

In the course of its opinion, the Court quoted with approval the general rule relative to the right of appeal by judicial and quasi judicial officers and boards, as set forth in 4 C.J.S., Appeal and Error, p. 389, § 205, as follows: "As a general rule a court or board exercising judicial or quasi judicial functions, not being a party to its proceedings, and not having any legal interest in maintaining its determination, can neither appeal from a judgment or order of a court reversing the proceedings nor be heard on the appeal."

The Court also referred to and discussed a number of cases supporting the general rule.

In the case of Appeal of Board of Adjustments of Landsdowne Borough, 313 Pa. 523, 170 A. 867, 868, the Supreme Court of Pennsylvania, quashing an appeal of the Board of Adjustments, which was created under statutory authority similar to that granted by the Legislature of this State, well said: "The statute gives no right of appeal to any one from the final order of the court of common pleas. Whether or not, despite this fact, a property owner can appeal if his rights have been injuriously affected by the order made, and whether or not the borough of Landsdowne can appeal as the representative of all the property owners therein, we are not now called upon to decide, since no appeal has been taken by either or any of them. It is clear, however, that the board of adjustment, as a board, has not been, and cannot be, injuriously affected by the order, and hence has no standing to appeal. It might just as well be claimed that an auditor or master could appeal from a decree of the court sustaining exceptions to his report."

For the reasons assigned, the appeal herein is dismissed.