**BOARD OF ADJUSTMENT et al. v. STOVALL et al.**

No. 14931.

Court of Civil Appeals of Texas. Fort Worth.

April 16, 1948.

Rehearing Denied May 14, 1948.

Heard L. Floore, Sam A. Woodward, and R. E. Rouer, all of Fort Worth, for appellants.

A. L. Wardlaw and M. Hendricks Brown, both of Fort Worth, for appellees.

McDONALD, Chief Justice.

The City of Fort Worth has in effect a zoning ordinance, enacted under authority of Acts 1927, 40th Leg., ch. 283, p. 424, Articles 1011a–1011j, Vern.Tex.Civ.St. The ordinance provides for a board of adjustment, as authorized by Article 1011g.

Interstate Circuit, Inc., applied to the city building commissioner for a permit to build an outdoor moving picture theater on a designated 18½ acre tract of land. The permit was denied on the ground that most of the tract was zoned for one and two family residences, and not for commercial uses. Interstate Circuit, Inc., appealed to the Board of Adjustment from the action of the building commissioner. The board entered an order granting the permit to build the theater. Nearby property owners carried the matter to the district court by writ of certiorari. Article 1011g. The district court held that the Board of Adjustment was without authority to make the order allowing the theater to be built, and set it aside.

The Board of Adjustment was the only party to the suit who excepted to the judgment or gave any notice of appeal.

A party is entitled to appeal only when his own interests, or those of a party with whom he is in privity, are affected by the judgment complained of. He must have been aggrieved by the decision of the court. He may not appeal when his

**304**

substantial rights are not affected. 3 Tex. Jur. pp. 146, 147.

■ "As a general rule a court or board exercising judicial or quasi judicial functions, not being a party to its proceedings, and not having any legal interest in maintaining its determination, can neither appeal from a judgment or order of a court reversing the proceedings nor be heard on the appeal." 4 C.J.S., Appeal & Error, § 205, page 389.

In 117 A.L.R. 216 may be found an annotation relating to the right of a public officer or board to appeal from a judicial decision affecting his or its order or decision.

■ In several cases it has been held that a board of adjustment established under zoning ordinances similar to the one before us does not have a right to appeal from an order of a court of competent jurisdiction setting aside one of the board's orders. Appeal of Board of Adjustment, Lansdowne Borough, 313 Pa. 523, 170 A. 867; Miles v. McKinney, 174 Md. 551, 199 A. 540, 117 A.L.R. 207; State v. Zoning Board of Appeal and Adjustment, 198 La. 758, 4 So.2d 820; State v. Zoning Board of Appeal and Adjustment, 198 La. 766, 4 So.2d 822. The opinions just cited fully discuss the question, and we approve what is said in them.

The appeal is dismissed.