No. 16,025.

MAHOOD ET AL. *v.* CITY AND COUNTY OF DENVER ET AL.
(195 P. [2d] 379)

Decided June 21, 1948.

Mr. EDWARD H. SHERMAN, for plaintiffs in error.

Mr. J. GLENN DONALDSON, Mr. ABE L. HOFFMAN, Mr. ROBERT L. GEE, Messrs. DUNKLEE & DUNKLEE, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THE City and County of Denver, hereinafter referred to as Denver, brought this action in the district court for a declaratory judgment to interpret certain documents and constitutional provisions and therefrom to decide

whether Denver was obliged to call a special election for a charter convention to draft and submit a new charter. Defendants named therein were the six persons designated to represent petitioners in a certain proceeding theretofore had as a result of which the electors of Denver had rejected a proposed charter. The judgment of the district court was that no duty rested upon the officials of Denver to proceed further under the original petition. To review that judgment plaintiffs in error prosecute this writ. The particular constitutional sections involved are 4, 5 and 6 of article XX.

In response to a proper petition there was submitted to the electors of Denver at a general municipal election May 20, 1947 the question of calling a charter convention and the vote thereon was in the affirmative. Such a convention was, by ordinance, duly called for August 12, 1947 and twenty-one persons were elected as its members. They proceeded to frame a proposed charter which was submitted to the electors at a special election held November 13, 1947, and rejected.

It is the position of Denver that the original petition has become functus officio and no further duty rests upon the city, or its officials, in the premises; whereas plaintiffs in error contend that under sections 4 and 5 of article XX of our Constitution successive charter elections must be held until a new charter has been approved by the electors.

The question has been ably briefed and orally argued. Every ramification of the problem has been explored and numerous authorities cited. In our opinion it is unnecessary to examine these since a simple statement of the situation confronting us discloses that we need only invoke a single rule of construction, deeply rooted in reason, confirmed by unanimous adjudications and readily understood and approved by all intelligent people, to forever settle the dispute.

Following the usual technical rules of construction it is possible to interpret these sections of the Con-

stitution according to the contentions of either party. But that urged by defendants in error leaves the people free to begin again or abandon the project; whereas that urged by plaintiffs in error makes a repetition of further ordinances, charter conventions and special elections mandatory until a proposed charter shall be approved. Meanwhile the people may, upon further debate and more mature consideration, have changed their minds and unanimously decided to stand by the charter they have; but the process must proceed because there is no lawful authority lodged anywhere to stop the wheels of this perpetual motion machine.

Such an interpretation is forbidden by the rule above referred to, i. e., unless mandatory, no interpretation of constitution or statute will be accepted which results in a palpable absurdity. *In Re Funding of County Indebtedness,* 15 Colo. 421, 427, 24 Pac. 877; *People ex rel. v. De Guelle,* 47 Colo. 13, 18, 105 Pac. 1110; *Karoly v. Industrial Commission,* 65 Colo. 239, 243, 176 Pac. 284.

The judgment is affirmed.

MR. JUSTICE JACKSON concurs in the result.