MINNIS ET AL., APPELLEES, *v.* HAMILTON COUNTY BOARD OF ZONING APPEALS, APPELLANT.

(No. 7450—Decided June 25, 1951.)

*Messrs. Osborne, Chacksfield & Osborne,* for appellees.

*Mr. C. Watson Hover, Mr. William J. Schmid,* and *Mr. Carl B. Rubin,* for appellant.

HILDEBRANT, P. J. The Common Pleas Court reversed the decision of the Hamilton county zoning board refusing an extension of a nonconforming use in county territory. The Hamilton county zoning board instituted this appeal from that order of reversal.

This court, *sua sponte*, questions the capacity of tho appellant to institute the appeal.

Section 3180-1 *et seq.*, General Code, is the enabling act providing for county zoning, and establishing and fixing the powers and duties of county boards of zoning appeals.

Section 3180-14, General Code, provides in part:

"Any party adversely affected by a decision of a county board of zoning appeals may appeal to tho Court of Common Pleas of such county on the ground that such decision was unreasonable or unlawful. The court may affirm, reverse, vacate or modify the decision complained of in the appeal."

Nowhere in the enabling act is an appeal by the county zoning board provided for. There is no common-law right to appeal, and in the case of administrative boards and officers no appeal as of right exists unless granted by statute.

In 8 Ohio Jurisprudence, 535, Section 403, it is stated:

"In Ohio, the right of appeal is conferred in part by constitutional provision, in part by statute. A right of appeal exists only by statute or constitutional provision; it was unknown to the common law. It is well settled that a party to a suit has no vested right to an appeal, for writ of error from one court to another."

In *Bartol* v. *Eckert*, 50 Ohio St., 31, 42, 33 N. E., 294, it is stated:

"It is well settled, that a party to a suit has no vested right to an appeal, or writ of error from one court to another. In *Lafferty* v. *Shinn*, 38 Ohio St., 46, it is stated that in the right to appeal to the courts, there is not involved a further right to appeal from the judgment of the court to which such application for redress is made; on the contrary, that a right to

appeal from such judgment exists only when given by statute; that such right to appeal, when so given, may be taken away by statute, even as to cases pending on appeal; and that the same thing is true with us as to proceedings in error.''

In an annotation to *Board of Zoning Appeals* v. *McKinney* (174 Md., 551, 199 A., 540), in 117 A. L. R., 207, under the heading, ''Right of public officer or board to appeal from a judicial decision affecting his or its order or decision,'' at page 218, it is stated:

''It has been held that a zoning board has no right to appeal from a judgment reversing its order granting a permit. In *Miles* v. *McKinney* (Md.) (reported herewith) *ante*, 207, where the order of a board of zoning appeals granting a permit had been reversed by the court, an appeal from the decision of the court taken by such board was dismissed, since it was not a party to the proceeding, had no interest in it different from that which any judicial or quasi judicial agency would have had, that is, to decide the cases coming before it fairly and impartially, was in no sense aggrieved by the decision of the board, and had no statutory right of appeal, and, therefore, had no power to take the appeal.

''And in *Lansdowne Bd. of Adjustment's Appeal* (1934), 313 Pa., 523, 170 A., 867, an appeal by a board of adjustment from a court order reversing its order denying a special exception of property from zoning restrictions was quashed, the court saying that it was clear that the board of adjustment, as a board, had not been, and could not be, injuriously affected by the order, and hence that it had no standing to appeal.''

It is clear, as stated in the Pennsylvania case cited in the foregoing annotation, that the Hamilton county zoning board has not been and could not be injuriously

affected by the order of the Common Pleas Court. The appeal is, therefore, dismissed.

*Appeal dismissed.*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur in the syllabus, opinion, and judgment.