No. 17,682.

BOARD OF ADJUSTMENT OF THE CITY AND COUNTY OF DENVER, ET AL. *v.* JOHN KUEHN.
(290 P. [2d] 1114)

Decided September 26, 1955.
January 3, 1956, on rehearing, original opinion adhered to.

Mr. JOHN C. BANKS, Mr. EARL T. THRASHER, for plaintiffs in error.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS cause is before us on the motion to dismiss the writ of error filed by defendant in error, John Kuehn.

Kuehn applied to the Board of Adjustment of the City and County of Denver, plaintiff in error, to have the latter designate an area in which to obtain the affirmance of 80% of the owners so that a petition might be filed for the use within a residence "B" zone of three lots at 5090 Lincoln street, Denver, Colorado, as a small creamery and similar businesses. The area was designated by the Board, and consents, amounting to 83.6%, were duly obtained and filed with the Board; thereupon

a permit was sought from the building inspector for such use. The building inspector denied the permit, and, pursuant to the charter of the City and County of Denver, an appeal from his determination was taken to the Board of Adjustment. The appropriate procedures were followed, and the appeal finally was heard before the Board of Adjustment May 18, 1954. Said Board denied the application and affirmed the action of the building inspector. Subsequent to the denial, a request for rehearing was filed with the Board, which also was denied.

Thereupon, within the time set forth in the charter of the City and County of Denver, Kuehn filed his petition and complaint in the nature of certiorari in the district court in and for the City and County of Denver to review the action of the Board as being unreasonable, arbitrary, capricious, and in violation of the due process clauses of the Federal and State Constitutions, zoning ordinance, and the city charter. The Board of Adjustment filed its record of proceedings with the district court, and thereafter the City and County of Denver was permitted to intervene.

January 7, 1955, the district court heard the matter; took it under advisement; and on February 21, 1955, prepared and filed a memorandum opinion. Pursuant to the opinion the judgment was entered, which we quote in part as follows:

"* * * that the order and ruling of the Respondent Board of Adjustment, entered on May 18, 1954, in case No. 81-54-Z, is hereby reversed, set aside and vacated with directions to said Respondent to grant the application of the Petitioner in said case No. 81-54-Z for an exception from the provisions and terms of the zoning ordinances of the City and County of Denver relating to the premises of the petitioner. * * *."

The Board of Adjustment and its members, and the City and County of Denver, thereafter obtained this writ of error.

In support of the motion to dismiss, counsel argue: (1) That although an appeal may be taken to and from the Board of Adjustment, there is no authority for the taking of an appeal by the Board; (2) that as a quasi judicial tribunal, the Board cannot seek review by writ of error from a reversal of its own decisions; and (3) that the city was not a party to the record, was not aggrieved by the decision of the district court, and has no standing to prosecute a writ of error in this action. ·

Under the terms of the charter of the City and County of Denver—section 219 A (C)—the city council is authorized to adopt zoning ordinances in accordance with a comprehensive plan to relieve congestion in the streets, secure safety, and promote the general health and welfare; it also is given the power, by section 219 A (G), to provide for the appointment of a Board of Adjustment, and vests such Board with certain appellate jurisdiction as follows:

"Appeals to the Board of Adjustment may be taken by any person aggrieved by any officer, department, board or bureau of the municipality affected by any decision of an administrative officer. Such appeal shall be taken within a reasonable time as provided by the rules of the Board by filing with the officer from whom the appeal is taken and with the Board of Adjustment a notice of appeal specifying the grounds thereof. * * *

"In exercising the above mentioned powers, the Board may, in accordance with the provisions of the amendment reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from and may make such order, requirement, decision or determination as ought to be made and they shall have all of the power of the official from whom the appeal is taken."

The charter then provides a procedure for reviewing the determinations of the Board of Adjustment, in the following language:

"Any person or persons, jointly or severally, aggrieved

by any decision of the Board of Adjustment or any taxpayer or any officer, department, board or bureau of the municipality may bring to the court of record a petition duly verified setting forth that such decision is illegal in whole or in part specifying the grounds of the illegality. * * * Upon the presentation of such petition, the court may allow a writ of certiorari directed to the board of adjustment to review such decision of the Board of Adjustment. * * *

"The court may reverse or affirm wholly or partly or may modify a decision brought up for review."

In so far as this Court is advised, the charter contains no provisions by which a judgment of the district court, reversing an order of the Board of Adjustment, can be carried to the Supreme Court for review; nor does it set forth any method by which the municipal corporation, as such, or the Board of Adjustment, may obtain a review of the decisions of either the Board or the reviewing district court. However, the judgment of the district court is reviewable under pertinent provisions of the Rules of Civil Procedure.

Questions to be Determined.

First: *Does the Board of Adjustment of the City and County of Denver, or the individual members thereof, have the power to prosecute a writ of error from the Supreme Court to review the judgment of the district court which reversed a decision of said Board?*

This question is answered in the negative. Generally, we think it is well established that a judicial or quasi judicial tribunal cannot appeal or prosecute a writ of error from the determination of a reviewing court, unless express authorization by charter provision or legislative enactment directs to the contrary. The weight of authority seems to apply this general rule to cases which deal with zoning boards of adjustment, and we deem it sufficient to quote from *State ex rel. Bringhurst v. Zoning Board of Appeal and Adjustment,* 198 La. 758, 4 So. (2d) 820, in which case a Board of Adjustment ap-

pealed from an order of a district court reversing the Board's decision. The high court of Louisiana dismissed the appeal on motion. The statutory provisions applicable in that case are comparable to those of the Denver charter, as appears in the opinion from which we quote as follows:

"Section 7 of Act 240 of 1926 also provides that within thirty days after the filing of the decision of the Board in its office any person or persons jointly or severally aggrieved thereby may present to the district court of the parish or the municipality in which the property affected is situated a verified petition, setting forth the illegality of the decision, in whole or in part, and specifying the grounds of the alleged illegality. Upon the presentation of the petition, the court may allow a writ of certiorari directed to the Zoning Board of Appeal and Adjustment to review its decision and prescribe a time within which the return must be made. Upon the hearing, the court may take additional evidence or appoint a referee to take such evidence and report his findings of fact and conclusions of law. After the hearing the court may reverse or affirm, wholly or in part, or may modify the decision brought before it for review.

"It will be observed that the enumerated powers do not include the right of the Zoning Board of Appeal and Adjustment to appeal from a judgment of the district court reversing its own decision.

\* \* \*

"In the exercise of its jurisdiction, the Zoning Board of Appeal and Adjustment acted as a quasi judicial body in hearing and deciding the appeal from the ruling made by the City Engineer refusing the application of the owner for a permit to convert a two-family dwelling into a four-family dwelling. In the exercise of its jurisdiction, the Civil District Court issued the writ of certiorari authorized by the statute, under which it reviewed and reversed the decision of the Zoning Board of Appeal and Adjustment.

"The Zoning Board of Appeal and Adjustment was not a party to the proceeding before it, nor did it have any interest in the proceeding other than to decide the question presented for determination according to the proven facts and applicable law. Obviously, the Zoning Board of Appeal and Adjustment has no more right to appeal from the decision of the Civil District Court reversing its own decision than one of the judges of the Civil District Court would have to appeal to this Court from a judgment of the Court of Appeal reversing one of his decisions."

To like effect are the conclusions reached in the following cases: *State ex rel. Hurley v. Zoning Board of Appeal,* 198 La. 766, 4 So. (2d) 822; *Miles v. McKinney,* 174 Md. 551, 199 Atl. 540; *Appeal of Landsowne Borough Board of Adjustment,* 313 Pa. St. 523, 170 A. 867; *DiCillio and Sons, Inc. v. Chester Zoning Board of Appeals,* 158 Ohio St. 302, 109 N.E. (2d) 8; *Corn v. Board of Liquor Control,* 160 Ohio St. 9, 113 N.E. (2d) 360; *Minnis v. Hamilton County Board of Zoning Appeals,* 89 Ohio App. 289, 101 N.E. (2d) 388; *Roeder v. Brown,* 192 Md. 639, 65 A. (2d) 333.

Second: *Can the City and County of Denver prosecute a writ of error in this cause, notwithstanding the fact that it was not a party to the record before the Board of Adjustment?*

This question is answered in the negative. The review before the district court was solely on the record made before the Board of Adjustment. Not being a party to that record the city could not become a party in the review proceedings before the district court. The judgment of the district court does not run against the city; it requires the building inspector to issue the permit requested by Kuehn. If, in the opinion of the officials of the City and County of Denver, the public interest is adversely affected by that judgment, the city attorney as the legal representative of the building inspector is afforded full opportunity to seek review at the instance

of a party to the record, namely, the building inspector upon whom the judgment acts directly.

■ This Court has frequently held that no one but a party to the record in the trial court can prosecute a writ of error. *Fischer v. Hanna,* 21 Colo. 9, 39 Pac. 420; *Wilson v. Board of Regents,* 46 Colo. 100, 102 Pac. 1088. In the instant case the record which was subject to review was made and completed before the Board of Adjustment. The City and County of Denver did not attempt to make itself a party to this record and intervention was sought only in certiorari proceedings in the district court.

The city is not in a position to prosecute a writ of error in this cause; accordingly the writ of error is dismissed.

MR. JUSTICE HOLLAND dissents.

MR. JUSTICE CLARK and MR. JUSTICE LINDSLEY not participating.

Mr. Justice Holland dissenting.

The majority opinion says the Board of Adjustment or the members thereof have no power to have reviewed the judgment of the district court, which reversed its decision, without express authorization by charter; and further the City, not being a party to the record before the Board, cannot prosecute a writ of error; and finally, the judgment of the court does not run against the City.

Because the judgment, in so many words, does not mention the City as such, it nevertheless directly prevents the City from the exercise of one of its municipal functions. In comparing the Board with a court by saying a court cannot prosecute a review of a reversal of one of its decisions, because it has no interest that is effected, is to make a comparison in a situation not analogous. The Board here involved is an administrative board, and, in the performance of its duty, it represents the interest of the city of which it is an agency.

The majority opinion is in effect, against the argument of claimant, who says through counsel, that the sole interest of the city was to have the cause justly decided by the tribunals having jurisdiction. (Page 9 of brief in support of motion to dismiss.) It is difficult to follow the reasoning of claimants' counsel who stipulated that the City could become a party, and that it had an interest to see that a just decision was had, and then say, in so many words, that it has no business being heard. I am at a loss to understand how the City could see that a just decision be had, without being in court. It surely has no means of remote control in such matters. Of course, the City had a duty to perform in representing interests of the public which are entrusted to it. The overall plan of zoning is involved. This plan was evolved by the City under its police power, in the interest of public health, safety and welfare. The City would be derelict in its duty if it stood by and permitted a neighborhood dispute to change the zoning regulations for that area. The overall zoning plans and regulations are involved, and they in turn involve the city and the public interest, which is not confined to the participants in the hassel underlying this litigation.

If we have a rule to the effect that by agreement the city may become a party to the action, and then cannot be heard, and cannot initiate a review of a judgment effecting the interest it was there to protect, then we had better start all over again. The absurdity of the entire argument of claimant on this point is illustrated by the answer. Who can logically say that when the officer or agent of the city was directed to issue the permit, that the principle or city had no interest? It is the absolute duty of the city to see that the permit is proper, and to oppose the issuance of an improper permit.

The function of the district court was to conduct a review of the finding and order of the Board to determine if the Board properly exercised the discretion

vested in it. In no event had the court any authority or power to substitute its judgment for that of the Board as it did here in a nine-page opinion and judgment. It is to be observed that the Board is composed of persons familiar with such property situations and can balance the equities of the interests presented, while the average court is not so equipped. The court has the qualifications to determine whether the Board exercised a sound discretion or acted arbitrarily.

It becomes at once a dangerous condition when a court denies to a duly authorized board, the right to establish appropriate conditions and safeguards in the public interest. Ordinances under which zoning boards act are designed to regulate future growth and expansion of the city, and are usually drawn with a view to stabilize.

While there is no express authority in the charter for the Board to prosecute a review of a reversal of its orders, neither is there a limitation restricting it to perform quasi judicial functions only. I believe the opinion in the case of *Rommell v. Walsh,* 127 Conn. 16, 15 Atl. (2d) 6, where the exact question was presented, is sound and expressive of my views, and is in part as follows:

"In some appeals from administrative boards the question at issue is of consequence only to certain parties who will be directly affected, as, for example, where the public utilities commission is called upon to apportion between a municipality and a railway company the cost of the construction of a highway bridge over a railroad track. *City of Norwalk v. Connecticut Co.,* 88 Conn. 471, 91 A. 442. In proceedings for the assessment of benefits and damages, the parties directly concerned are the property owners affected and the municipality which must bear the expense of the public improvement. In other cases, however, there is a definite public interest to be protected. This is true, for instance, of many orders of the public utilities commission, and is particularly true with respect to zoning regulations. In appeals of this type, the public interest should be represented. In

appeals in zoning cases the municipality might no doubt properly do this. However, under most, if not all, of our municipal charters, the function of protecting and advancing the public interest in establishing and maintaining a proper and adequate zoning system is entrusted to certain boards, who, in that respect, exercise a large discretion. While these boards have ordinarily no corporate existence as such but are merely agencies of the municipality, and while they have no direct interest in the litigation, it would be a logical conclusion that because of the function they perform they should represent the public interests entrusted to them in appeals taken from their decisions.

"Administrative boards differ radically from courts because frequently in the performance of their duties they are representing such interests, whereas courts are concerned with litigating the rights of parties with adverse interests who appear before them. Appeals taken from decisions of such boards are in a very different category than are appeals taken from a lower to a higher court, where the lower court, having acted, ceases to have any interest in the controversy, direct or representative. An appeal from an administrative board is not the means by which jurisdiction of a cause is transferred from one tribunal to another, but is a process by which a court may be called upon, not to substitute its judgment for that of the board, but to determine whether the latter has acted legally and in a proper exercise of the discretion vested in it."

All cases cited by counsel for claimant in support of his motion to dismiss are carefully qualified by indicating that the ruling that an administrative board cannot seek review, has no application to the city. Why shouldn't the city have the same right of appeal that any other litigant has? *Zoning Appeals Board v. McKinney*, 174 Md. 551, 199 Atl. 540. The motion to dismiss the writ of error should be denied.

## ON REHEARING.

MR. JUSTICE MOORE:

The petition for rehearing filed by plaintiffs in error was granted October 24, 1955, and counsel on both sides have filed briefs. Upon reconsideration of all issues the Court now adheres to the opinion handed down September 26, 1955. We add thereto that under the zoning ordinance recently adopted by the City and County of Denver, broad powers have been conferred upon a Department of Zoning Administration, and express authority for protection of the public interest by an agency of the city seems to be covered. Thus the matters to which attention was directed by the dissenting opinion of Mr. Justice Holland have received legislative attention.