HALL, Judge.
Plaintiffs, alleging that they are aggrieved by a decision of the Board of Zoning Adjustments of the City of New Orleans rendered on June 16, 1966, wherein the Board granted a variation of the height and “open space” provisions of the Comprehensive Zoning Ordinance of the City of New Orleans (Ordinance No. 18565 C.C.S.) to permit the erection of a storage garage on certain lots which collectively form the corner of Iberville and Dau-phine Streets in the H-2 Vieux Carre Commercial District of the City, presented a petition on July 13, 1966 to the Civil District Court for the Parish of Orleans praying for a writ of certiorari (under the provisions of Section 6 of Article XXVII of the Comprehensive Zoning Ordinance and LSA-R.S. 33:4727) to review the decision of the Board.
In their petition plaintiffs named the following as defendants and prayed that citation and a copy of the petition be served on each viz:
1) The Board of Zoning Adjustments of the City of New Orleans (and its individual members).
2) Mr. AÍbert G. Wyler, Director, Department of Safety and Permits, City of New Orleans.
3) The Department of Safety and Permits, City of New Orleans and
4) The City of New Orleans.
Although plaintiffs’ petition alleges that the application to the Board for the variance was made by a firm of architects representing Mercier Realty and Investment Company, Mrs. Anna B. McFadden, and D. H. Holmes Company Limited, owners of the properties involved, neither the architectural firm nor any of the owners were *693 named by plaintiffs as parties defendant nor ■were they served with a copy of the petition nor was any notice whatever given to them of the actual proceedings. The record ■shows however that on July 12, 1966 plaintiffs’ attorney gave notice to the architectural firm and to one of the owners of plaintiffs’ intention to apply for a writ.
A writ of certiorari was issued by the Court commanding the Board of Zoning Adjustments to send up the record for review (which was done) and the named defendants were duly served with process.
On August 5, 1966 D. PL Holmes Company Limited and Mercier Realty and Investment Company filed a petition of intervention setting forth their interest in the proceedings as owners of the lots involved (Mrs. Anna B. McFadden had sold her lots to D. H. Holmes Company Limited) and as the applicants in whose favor the variations were granted by the Board of Zoning Adjustments. The intervenors prayed that they be permitted to intervene in opposition to plaintiffs’ demand for reversal of the Board’s decision, and that they be permitted to file any “motions, exceptions or otherwise plead herein in order to protect their rights.” An order permitting such intervention was granted.
On August 10, 1966 the Board of Zoning Adjustments and the other three defendants who were named and cited by plaintiffs filed an exception of no cause of action based on several grounds among which they urged that neither the Board nor any of the other named defendants had or could have any legal interest in the outcome of the proceedings and furthermore since the suit was not filed against a proper defendant within the 30 day statutory peremptive period there was no suit before the Court.
On September 1, 1966 D. H. Holmes Company Limited and Mercier Realty and Investment Company filed exceptions of no right of action and of no cause of action based on several grounds among which they -urged that since the Board cannot be held as a party-defendant in the matter and since plaintiffs had failed to join them as the true parties at interest within the statutory 30 day peremptive period, plaintiffs right of action had perempted.
On September 7, 1966 plaintiffs filed an amended petition seeking to meet some of the grounds upon which the exceptions were based.
The Trial Judge referred all exceptions to the merits. Answers were filed by the defendants and by the intervenors with full reservation of all of their exceptions. Following a hearing on the merits judgment was rendered (a) overruling all exceptions, and (b) reversing the decision of the Board of Zoning Adjustments as to the height variation and (c) affirming the decision as to the “open space” variation.
D. H. Holmes Company Limited and Mercier Realty and Investment Company filed separate appeals. Plaintiffs answered the appeals praying that the judgment appealed from be amended so as to reverse the decision of the Board of Zoning Adjustments quo ad the “open space” variation.
Neither the Board of Zoning Adjustments nor any of the three other named defendants appealed.
Appellants, D. H. Holmes Company Limited and Mercier Realty and Investment Company, contend as their first specification of error that the Lower Court erred by failing to maintain their exceptions of no right of action and of no cause of action and of peremption.
Since we are of the opinion that the exception of peremption should have been maintained by the Trial Court and since maintaining that exception will dispose of the entire matter we shall confine our remarks to a consideration of that exception.
Section 6 of Article XXVII of the Comprehensive Zoning Ordinance of the City of New Orleans provides as follows:
“Section 6. Any person or persons, or any officer, department, commission, *694 board, bureau or any other agency of the City of New Orleans jointly or severally aggrieved by any decision of the Board of Zoning Adjustments, may present to the Civil District Court of the Parish of Orleans, within thirty (30) days after filing of the decision in the office of the Board, a writ of certiorari asking for such relief and under such rules and regulations as are provided for such matters in appropriate legislation of the State of Louisiana.”
The “appropriate legislation” referred to in the above quoted provision of the ordinance is found in LSA-R.S. 33:4727 which reads in part as follows:
“Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any officer, department, board, or bureau of the municipality, may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board. Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review the decision of the board of adjustment * * * If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take additional evidence * * * which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or in part, or may modify the decision brought up for review. * * * ”
It is clear that the 30 days granted to the aggrieved person in which to file his petition for review is a period of per-emption. As said by the Supreme Court in Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 at p. 901:
“ * * * When a statute creates a. right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but is one of peremption. Statutes of prescription simply bar the remedy. Statutes of per-emption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost * * * ”
It is also clear that the statute contemplates an adversary proceeding. Further evidence may be taken in the Court’s-discretion, and due process requires that the-proceeding be conducted contradictorily with the real party or parties at interest..
The only function of the Board of Zoning Adjustments quo ad the proceeding-is to send up and file its record with the Court in response to the writ of certiorari. The Board is a quasi-judicial body and can have no legal interest in the outcome of the case. It can neither sue nor be sued nor can it appeal from a Court’s reversal of its decision for the reason that it has no-legal interest in the outcome of the Court’s-review thereof. (See State ex rel. Kreher v. Quinlan, 182 La. 721, 162 So. 577; State ex rel. Bringhurst v. Zoning Board of Appeal and Adjustment, 198 La. 758, 4 So.2d 820; State ex rel. Hurley v. Zoning Board of Appeal and Adjustment, 198 La. 766, 4 So.2d 822; Kotteman v. Grevemberg, 233 La. 328, 96 So.2d 601 at p. 603).
D. H. Holmes Company Limited and Mercier Realty and Investment Company as owners of the lots involved and as the applicants who sought and obtained the zoning variation from the Board are the only ones having a real interest in opposing the demand of plaintiffs for reversal of the Board’s decision. Yet for some unexplained reason they were not made parties defendant.
“ * * * In an appeal by other property owners from the decision of a board *695 of zoning appeals granting a variance to permit a non-conforming use of premises, the applicant for the variation is a necessary and indispensable party.” 58 Am.Jur. First Ed. § 253 p. 1073.
D. H. Holmes Company Limited and Mercier Realty and Investment Company were indispensable parties to the action within the meaning of LSA-C.C.P. Art. 641 which reads:
“Art. 641. Indispensable parties to an •action are those whose interests in the subject matter are so interrelated, and ■would be so directly affected by the judgment, that a complete and equitable adjudication to the controversy cannot be made unless they are joined in the action.
“No adjtidication of an action can be made unless all indispensable parties are joined therein(emphasis supplied)
No adjudication of this action could be •■made without D. H. Holmes Company 'Limited and Mercier Realty and Investment •Company being joined in the action as ■parties defendant. It is insufficient that -one or even both of them might have been ¡given notice of plaintiffs’ intention to apply for the writ.
The statutory 30 day peremption period elapsed without D. 'H. Holmes Company Limited and Mercier Realty and Investment •Company having been made parties to the .action and when it elapsed plaintiffs’ cause of action no longer existed, and nothing by way of supplemental petition, amendment, intervention, waiver or anything else could revive it. (See Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899, at page 901; Stevens v. Johnson, La.App., 81 So.2d 464; Lally v. Taylor, La.App., 117 So.2d 602; Blanke v. Chisesi, La.App., 142 So.2d 45; Delta Air Lines Inc. v. Brown, La.App., 115 So.2d 903; Succession of Roux v. Guidry, La.App., 182 So.2d 109).
The Court in Miller v. American Mutual Liability Ins. Co., La.App., 42 So.2d 328 quotes with approval the following language appearing in a footnote in 13 Tulane Law Review at page 39:
“ * * * A period of peremption admits of no interruption or suspensions. The performance of the required act must be accomplished within the specified time at the peril of the party whose duty it is to perform such act. A period of prescription differs in that it may be suspended or interrupted for various reasons. The institution of suit interrupts prescription * * * But it does not affect peremption. * * * ”
Plaintiffs contend that if D. H. Holmes Company Limited and Mercier Realty and Investment Company are indispensable parties to this action (which they deny) the Court should remand the case so that this objection may be overcome by amendment of the pleadings, citing LSA-C.C.P. Art. 646 which reads in part :
“Art. 646. When the failure to join an indispensable party is pleaded successfully in or noticed by a trial court, the latter may permit amendment of the petition so as to make him a party, and may reopen the case if it has been submitted and further evidence is necessary. When such failure is pleaded successfully in or noticed by an appellate court, the latter may remand the case for such amendment and further evidence * * * ”
Plaintiffs also cite LSA-C.C.P. Art. 1153 as authority for the statement that amendments to pleadings relate back to the date of filing the original pleading.
However plaintiffs’ cause of action has perempted. It no longer exists. It is lost, and no amendment of the petition or additional citation served on D. H. Holmes Company Limited or Mercier Realty and Investment Company can give it life. To hold that an amendment in this case would relate back to the filing of the original pleadings would be to destroy the whole theory of peremption. LSA-C.C.P. Art. 1153 was not intended to,, and does not, afford authority for such a result.
*696 For the foregoing- reasons the judgment appealed from is reversed and judgment is now rendered in favor of the interveners, D. H. Holmes Company Limited and Mercier Realty and Investment Company and each of them, and against the plaintiffs, Vieux Carre Property Owners and Associates Inc., William R. Goding and Mrs. Artelle Kirk, widow of W. R. Trelford, and each of them, maintaining said inter-venors’ exception of peremption, and dismissing said plaintiffs’ suit at their cost, and reinstating the decision of the Board of Zoning Adjustments; costs of this appeal to be borne by plaintiffs-appellees.
Reversed and remanded.