Shirley L. **BROWN,** d/b/a/ SLB Company, Plaintiff-Appellant,

v.

The **BOARD OF COUNTY COMMIS-SIONERS OF the COUNTY OF ARAPAHOE,** State of Colorado, a body politic and corporate, and Robert Brooks, individually and in his capacity as County Commissioner, Defendants-Appellees.

No. 84CA0277.

Colorado Court of Appeals, Div. I.

Sept. 19, 1985.

Rehearing Denied Oct. 17, 1985.

Certiorari Denied June 2, 1986.

Cox, Wedgle & Padmore, P.C., Richard J. Wedgle, Denver, for plaintiff-appellant.

Peter Lawrence Vana III, Arapahoe County Atty., James E. Heiser, Asst. County Atty., Littleton, for defendants-appellees.

BABCOCK, Judge.

In this C.R.C.P. 106(a)(4) action for review of an Arapahoe County Board of County Commissioners (Board) resolution denying an application for a zoning change, Shirley L. Brown, d/b/a SLB Company (Brown), appeals from the summary judgment entered in favor of the Board. We affirm.

On December 14, 1982, the City of Aurora conveyed property subject to the rezoning application to Brown by special warranty deed which was recorded on December 21, 1982. By general warranty deed dated January 17, 1983, Brown conveyed this property to Isla Del Rey, Ltd.

On January 28, 1983, Brown signed and submitted an application for a rezoning change which stated the owner and applicant to be "SLB Company, Shirley L. Brown, Chairman of the Board, SLB Company." SLB Company is a sole proprietorship.

Thereafter, on February 10, 1983, the deed from Brown to Isla Del Rey, Ltd. was recorded. On May 9, 1983, a public hearing was held by the Board on the application, and on August 16, 1983, the Board adopted a resolution which denied the application because Brown was not the owner of the property.

I.

Brown contends that the trial court erred in interpreting the Arapahoe County Zoning Resolution (ACZR) to require that the true owner of the land, and not merely the current record holder, make the application for rezoning. We find no error.

The ACZR, ch. IV, art. A, § 1, provides: "a. Zone changes may be initiated by the Arapahoe County Planning Commission, the Arapahoe Board of County Commissioners, or by the *owner of record* or by joint application by the *owner of record together with a purchaser under contract which has been recorded.*"

. . . .

"c. The *owners of land* wishing to develop their land under a zone district other than the district now controlling said land shall follow the procedure outlined in Sections 2–5 below...." (emphasis added)

Brown argues that her application was valid because she was the "owner of record" on the date her application was filed although prior to that time she had conveyed her title to Isla Del Rey, Ltd. This argument is without merit.

The ACZR is ambiguous in that it uses the terms "owner of record" and "owners of land" to refer to the same person. If the language in a statute is ambiguous, the legislative intent must be ascertained by a consideration of the language in the context of the entire statute, the object of the statute, and the consequences which follow a particular construction. *Kirschwing v. O'Donnell*, 120 Colo. 125, 207 P.2d 819 (1949). If it is necessary, in order to give effect to the legislative

intent, to construe a specific word differently from its literal meaning, such construction should be adopted. *See City of Colorado Springs v. Street*, 81 Colo. 181, 254 P. 440 (1927). Also, a statute should not be interpreted in a way which results in a palpable absurdity. *Mahood v. City & County of Denver*, 118 Colo. 338, 195 P.2d 379 (1948).

The purpose of the ACZR is to provide a means by which the county, or a person with an interest in land, may seek a change in the authorized use of the land. It would make no sense to construe the legislative intent to include a right of persons with no interest in property to seek a zone change on that property. Also, the requirement that an application by a purchaser under contract be made jointly with the "owner of record" shows a clear legislative intent to require full disclosure of the true owner or owners of the land in the application. If the ACZR is interpreted as Brown suggests, it would mean that in every situation in which there was a delay in recording, or a failure to record, the only person, other than the county, authorized to initiate a zone change would be a stranger to the title, an absurd result.

Accordingly, we hold that the term "owner of record" contained in the ACZR means the true owner of the land, whether that is the record owner or not.

## II.

Brown next argues that since she was a "party" in the rezoning proceeding before the inferior tribunal, she has standing to pursue that review in the trial court. We disagree.

Standing for district court review under C.R.C.P. 106(a)(4) is determined from the allegations contained in the complaint. *Cloverleaf Kennel Club, Inc. v. Colorado Racing Commission*, 620 P.2d 1051 (Colo. 1980). Brown's status as a party before the board of county commissioners may be relevant to the issue of standing, but it is not controlling. When standing is in issue, the broad question is whether, as a matter of law, the plaintiff has stated a claim for relief which should be entertained in the context of a trial on the merits. *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977). The plaintiff must show injury in fact to a legally protected interest as contemplated by statutory or constitutional provisions. *Wimberly v. Ettenberg, supra.*

The trial court ruled that Brown was a stranger to the title at the time the application for rezoning was submitted. The court also ruled correctly that the ACZR required the true owner of the property, and not merely the current record holder, to make the application for rezoning. Therefore, because Brown was a stranger to the title, she had no legally protected right to initiate a zoning change.

Although Brown incurred certain expenses in acquiring, financing, and preparing plans for the property in question, she cannot meet the requirement of injury in fact by her pecuniary expenditures alone. If a person suffers injury in fact, but not from a violation of the legally protected right, no relief can be afforded. *Wimberly v. Ettenberg, supra.* Brown's expenses were incurred in anticipation that the application for rezoning would be approved; but in addition to having no interest in the property, she had no right to expect approval of the rezoning application because its approval rests in the sound discretion of the Board, acting for the public good. Section 30–28–116, C.R.S. (1977 Repl.Vol. 12). Here, Brown's expenses were indirect and incidental to the Board's action. Therefore, they do not constitute an injury in fact. *See Wimberly v. Ettenberg, supra.*

We conclude that the trial court was correct in ruling that Brown had no standing to seek district court review under C.R.C.P. 106(a)(4). Our resolution of this issue makes it unnecessary to address the question whether Brown was a real party in interest under C.R.C.P. 17.

## III.

 Brown next contends that the trial court erred in not granting leave under C.R.C.P. 106(b) to add Isla Del Rey, Ltd. as a party plaintiff, and that the court erred in denying its motion to intervene. We disagree.

Isla Del Rey, Ltd. cannot be a proper party in this C.R.C.P. 106(a)(4) proceeding since it was not a party before the inferior tribunal. *Board of Adjustment v. Kuehn*, 132 Colo. 348, 290 P.2d 1114 (1955). Isla Del Rey, Ltd. is not without a remedy, however, because it is free to submit an application for rezoning in its own name under the ACZR.

## IV.

Brown's final argument is that summary judgment is improper because disputed issues of material fact exist. She asserts that, although a deed to the property was executed by her to Isla Del Rey, Ltd. on January 17, 1983, there was no evidence that the deed had been delivered prior to the application date of January 28, 1983. Therefore, she contends that a question of fact remains whether she was the "true owner" on the date of the application. Again, we disagree.

It is undisputed that the duly acknowledged deed to Isla Del Rey, Ltd. was recorded on February 10, 1983. Section 38–35–101(4), C.R.S. (1982 Repl.Vol. 16A) makes the acknowledgment and proper recording of a deed prima facie evidence of due delivery. *Jacquez v. Jacquez*, 694 P.2d 1292 (Colo.App.1984). Upon recording, a rebuttable presumption of due delivery arises which relates back to the date of the execution of the deed. *Carmack v. Place*, 188 Colo. 303, 535 P.2d 197 (1975).

Once it is shown that a deed has been properly acknowledged and recorded, the burden shifts to the opponent to demonstrate nondelivery. Since Brown offered nothing to rebut the presumption, she failed to demonstrate the existence of a real controversy, and summary judgment was proper. *See Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978).

Judgment affirmed.

PIERCE and KELLY, JJ., concur.