Harry H. SCHAEFER, Adrian W. Reynolds, Burton W. Marston, Patrick H. Meenan, Darlene Elliot, Ralph A. Urbigkit, and Edwin H. Whitehead, Plaintiffs,

v.

Thyra THOMSON, as Secretary of State of the State of Wyoming, Thyra Thomson, Minnie A. Mitchell and Everett T. Copenhaver, as members of the Board of the State Board of Election Canvassers, and Clifford P. Hansen, as Governor of the State of Wyoming, Defendants.

Civ. No. 4717.

United States District Court
D. Wyoming.
Nov. 23, 1964.

A. G. McClintock, Walter C. Urbigkit, Jr., and Maxwell E. Osborn, Cheyenne, Wyo., for plaintiffs.

John F. Raper, Atty. Gen., of State of Wyoming, and Dean W. Borthwick, Deputy Atty. Gen., of State of Wyoming, Cheyenne, Wyo., for defendants.

Before PICKETT, Circuit Judge, and KERR and DAUGHERTY, District Judges.

PICKETT, Circuit Judge.

Plaintiffs, as citizens and voters of the six most populous counties of the State of Wyoming, brought this action seeking to restrain and enjoin the defendants, who are state officers charged with conducting elections under state laws,[1] from proceeding in the 1964 primary and general elections under Chapter 22 of the Session Laws of Wyoming, 1963, relating to the election of representatives to the Wyoming State legislature. It is alleged that this statute is unconstitutional and void because the representation provided for wholly fails to result in a state senate and house of representatives apportioned among the several counties of the state as nearly as may be, according to their inhabitants, as required by the Wyoming Constitution, and deprives them and other similarly situated of the equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States.[2]

Applicable provisions of the Wyoming Constitution are as follows:

"§ 37, Article 1: *Constitution of United States supreme law of land.*— The State of Wyoming is an inseparable part of the federal union, and the constitution of the United States is the supreme law of the land."

"§ 24, Article 21: *State part of United States.*—The State of Wyoming is an inseparable part of the federal union and the constitution of the United States is the supreme law of the land."

"§ 3, Article 3: *Legislative apportionment.*—Each county shall constitute a senatorial and representative district; the senate and house of representatives shall be composed of members elected by the legal voters of the counties respectively, every two (2) years. They shall be apportioned among the said counties as nearly as may be according to the number of their inhabitants. Each county shall have at least one senator and one representative; but at no

---

1. Thyra Thomson is Secretary of State, whose duty it is to prepare and submit to each county the names of persons therefrom who have qualified under Wyoming law as candidates for election to the state legislature, and who, along with the Governor, State Treasurer and State Auditor, constitute the State Board of Election Canvassers.

2. As examples of the resulting disparities, the complaint alleges: "The population ratio in Laramie County is one senator per 30,075 inhabitants and one representative per 5,468 inhabitants; in Fremont County one senator per 26,168 inhabitants and one representative per 5,234 inhabitants; in Natrona County one senator per 24,812 inhabitants and one representative per 7,929. inhabitants; in Weston County one senator and one representative per 7,929, inhabitants; in Uinta County one senator, and one representative per 7,484 inhabitants. On the other hand, the population ratio in Teton County is one senator and one representative per 3,062 inhabitants; in Niobrara County one senator and one representative per 3,750 inhabitants; in Sublette County one senator and one representative per 3,778 inhabitants."

time shall the number of members of the house of representatives be less than twice nor greater than three times the number of members of the senate."

"§ 48, Article 3: *State census.*— The legislature shall provide by law for an enumeration of the inhabitants of the state if the year 1895, and every tenth year thereafter, and at the session next following such enumeration, and also at the session next following an enumeration made by authority of the United States, shall revise and adjust the apportionment for senators and representatives, on the basis of such enumeration according to ratios to be fixed by law."

The pertinent provisions of Chapter 22, as it relates to the apportionment of the Wyoming senate and house of representatives in Wyoming's bicameral legislature, reads:

"Section 1. That Section 28–9, Wyoming Statutes, 1957, be amended and re-enacted to read as follows:

"Each organized county shall have one senator for every thirty thousand (30,000) inhabitants, or major portion thereof, as shown by the enumeration of such inhabitants in the federal census of the year one thousand nine hundred sixty (1960)."

"Section 2. That Section 28–10, Wyoming Statutes, 1957, be amended and re-enacted to read as follows:

"Each organized county shall have one representative for each fifty-four hundred (5,400) inhabitants, or major portion thereof, as shown by the enumeration of such inhabitants in the federal census of the year one thousand nine hundred sixty (1960)."

Applying the formula provided for in these sections, the existing house of representatives was increased by five members and the senate diminished by two.[3]

■■■ Final disposition of this case has been delayed because of uncertainty in the law and the Court's announcement that no action would be taken which would interfere with the 1964 election. By a series of recent decisions of the Supreme Court of the United States, the law controlling the disposition of this case is now settled. The jurisdiction of the federal courts to grant relief upon

3. Although the Wyoming Constitution provides that the legislature shall periodically reapportion, revise and adjust the apportionment for the senate and house of representatives, there has been no reapportionment since 1933. The 1933 apportionment act created a house of representatives composed of 56 members and the senate of 27 members, with the counties of Laramie, Natrona, Sheridan and Sweetwater having 2 senators each. Under Chapter 22, only Laramie and Natrona counties qualify for two senators. The 1960 United States census gave the population of Wyoming as 329,646. The following table sets forth the population of each of the 23 counties in Wyoming, together with the number of representatives and senators that each is entitled to by application of population divisors provided for in the 1963 apportionment statute:

| County | Population | Senate | House |
|--------|-----------|--------|-------|
| Laramie | 60,149 | 2 | 11 |
| Natrona | 49,623 | 2 | 9 |
| Fremont | 26,168 | 1 | 5 |
| Albany | 21,290 | 1 | 4 |
| Sheridan | 18,989 | 1 | 4 |
| Sweetwater | 17,920 | 1 | 3 |
| Park | 16,874 | 1 | 3 |
| Carbon | 14,937 | 1 | 3 |
| Goshen | 11,941 | 1 | 2 |
| Big Horn | 11,898 | 1 | 2 |
| Lincoln | 9,018 | 1 | 2 |
| Washakie | 8,883 | 1 | 2 |
| Weston | 7,929 | 1 | 1 |
| Uinta | 7,484 | 1 | 1 |
| Platte | 7,195 | 1 | 1 |
| Converse | 6,366 | 1 | 1 |
| Hot Springs | 6,365 | 1 | 1 |
| Campbell | 5,861 | 1 | 1 |
| Johnson | 5,475 | 1 | 1 |
| Crook | 4,691 | 1 | 1 |
| Sublette | 3,778 | 1 | 1 |
| Niobrara | 3,750 | 1 | 1 |
| Teton | 3,062 | 1 | 1 |
| | 329,646 | 25 | 61 |

allegations which show an invidious discrimination and a substantial disparity in representation in state legislatures is no longer open to question. Furthermore, it is now acknowledged that the equal protection clause of the Fourteenth Amendment to the Constitution of the United States requires that both houses of a bicameral state legislature be apportioned substantially on a population basis. However, mathematical exactness is not required, "So long as the divergences from a strict population standard are based on legitimate considerations incident to the effectuation of a rational state policy * * *." Reynolds v. Sims, 377 U.S. 533, 579, 84 S.Ct. 1362, 1391, 12 L.Ed.2d 506. The foregoing rules are applicable regardless of whether the scheme for representation in either house of a bicameral state legislature results from statutory or constitutional provisions.[4] Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663; Reynolds v. Sims, supra; W. M. C. A., Inc. v. Lomenzo, 377 U.S. 633, 84 S.Ct. 1418, 12 L.Ed.2d 568; Maryland Committee for Fair Representation v. Tawes, Governor, 377 U.S. 656, 84 S.Ct. 1429, 12 L.Ed.2d 595; Davis v. Mann, 377 U.S. 678, 84 S.Ct. 1441, 12 L.Ed.2d 609; Roman v. Sincock, 377 U.S. 695, 84 S.Ct. 1449, 12 L.Ed.2d 620; Lucas v. Forty-Fourth General Assembly of State of Colorado, 377 U.S. 713, 84 S.Ct. 1459, 12 L.Ed.2d 632; Moss v. Burkhart, D.C.W.D.Okl., 220 F.Supp. 149, affirmed sub. nom. Williams v. Moss, 378 U.S. 558, 84 S.Ct. 1907, 12 L.Ed.2d 1026.

Chapter 22, Session Laws of Wyoming, 1963, fixes the basic unit for representation of the different counties in the Wyoming house of representatives at one representative for each 5400 inhabitants, or major portion thereof. It will be noted that this formula creates a situation whereby the four smallest counties in the state have some advantage in their representation in the house, and some disadvantage to other counties, particularly those having more than 5400 inhabitants and less than the number necessary to qualify for two representatives. It is not seriously contended, however, that this disparity creates an invidious discrimination or violation of the equal protection clause of the Fourteenth Amendment. The court is satisfied that this divergence from a strict population standard is the result of an honest attempt, based on legitimate considerations, to effectuate a rational and practical policy for the house of representatives under conditions as they exist in Wyoming. For example, Laramie, Natrona, Fremont and Albany, the four largest counties in the state, have slightly less than 50% of the state's population. The total representation in the house from these counties is 29 of the 61 members. Conversely, the four smallest counties, with approximately 5% of the total population, have a representation of 4.

The principal thrust of plaintiff's complaint and argument is directed at the reapportionment provisions of the statute as they apply to the senate. It would appear that when provision was made in Chapter 22 for representation in the Wyoming senate, the legislature acted upon a theory and belief that the apportionment of one house of its bicameral legislature on a population basis would satisfy constitutional requirements.[5] As

4. In Reynolds v. Sims, 377 U.S. 533, 584, 84 S.Ct. 1362, 1393, the court said: "Clearly, courts should attempt to accommodate the relief ordered to the apportionment provisions of state constitutions insofar as is possible. But it is also quite clear that a state legislative apportionment scheme is no less violative of the Federal Constitution when it is based on state constitutional provisions which have been consistently complied with than when resulting from a noncompliance with state constitutional requirements. When there is an unavoidable conflict between the Federal and a State Constitution, the Supremacy Clause of course controls."

5. To illustrate the disparity, the six most populous counties in the state, with a population of approximately 65% of the entire state population, have only 8 senators, while the six least populous counties in the state, with only 8% of the total state population, have 6 senators.

has been stated, this is not the law, and it is now generally accepted by the parties hereto that the Wyoming senate, as constituted under the provisions of Chapter 22, is an invidious discrimination against the voters of the state, and that part of the statute fixing representation in the senate is null and void.[6]

■■■ The primary obligation to establish constitutional representation in the Wyoming legislature lies, not with this court, but with those whose duty it is to enact laws according to constitutional standards. Although there is no longer any doubt concerning the power of the federal courts to protect citizens and to take the necessary action to enforce rights guaranteed by the Federal Constitution in cases such as this, still the court believes that the people of the State of Wyoming will best be served by withholding any immediate affirmative judicial relief in order to permit the legislature to consider reapportionment of its senate and to enact, as soon as possible, a valid law which meets the requirements of the Constitution of the United States.[7] The court, however, will retain jurisdiction of this case and if the Wyoming legislature fails to reapportion the senate prior to the 1966 election, this court will in due time, exercise its power and make the reapportionment by judicial decree.

■■■ It should be noted that the Wyoming Constitution provides that each county shall constitute an election district and have at least one senator and one representative in the legislature, but at no time is the number of the members of the house of representatives to be less than twice nor greater than three times the number of the senate. The court thinks it appropriate that the legal effect of these provisions be discussed. While it is mathematically possible that these constitutional requirements could be satisfied, the court is of the opinion that the conditions and circumstances existing in the State of Wyoming are such that literal compliance with these provisions would produce a result that would be wholly unreasonable, untenable and impractical. The end result of literal compliance would be a legislature substantially in excess of 300 members. However, it is obvious that the Wyoming Constitutional Convention which agreed upon a state constitution intended that the legislative bodies should be comparatively small. It could not have envisioned such an absurd result as would be brought about if the state senate is constituted with each county as a senatorial election district and the county with the least population fixing as near as may be the minimum unit for district representation.[8] While the wisdom or policy of constitutional provisions are not to be questioned, still courts are not required to act in a manner which brings about such palpable absurdities. 16 C.J.S. Constitutional Law § 18; 16 Am.Jur.2d Constitutional Law, § 76; Sturges v. Crowninshield, 17 U.S. (4 Wheat.) 122, 4 L.Ed. 529;[9] State ex rel. Ronish v. School Dis-

---

6. Shortly after the recent Supreme Court decisions herein referred to, a special session of the Wyoming legislature was called for the purpose of providing for submission to the Wyoming electorate a constitutional amendment which would authorize the legislature to create election districts from which members of the Wyoming legislature could be elected pursuant to the constitutional standards. The result of the special session was fruitless.

7. The first opportunity will be the next legislature, which convenes in January, 1965.

8. Using the population of Teton County as the divisor, the four most populous counties would be entitled to 52 senators.

9. In Sturges v. Crowninsheild, 17 U.S. (4 Wheat.) 122, 202–203, Chief Justice Marshall, in discussing the interpretation of constitutional provisions, stated:
   "But if, in any case, the plain meaning of a provision, not contradicted by any other provision in the same instrument, is to be disregarded, because we believe the framers of that instrument could not intend what they say, it must be one in which the absurdity and injustice of applying the provisions to the

trict No. 1 of Fergus County, 136 Mont. 453, 348 P.2d 797, 78 A.L.R.2d 1012; Mahood v. City & County of Denver, 118 Colo. 338, 195 P.2d 379; Bd. of County Com'rs v. McCulloh, 52 N.M. 210, 195 P.2d 1005; Mitchell v. Lowden, 288 Ill. 327, 123 N.E. 566. In construing constitutional provisions, the fundamental purpose is to give effect to their purpose and intent. Courts will not ignore the general spirit of the instrument. 16 Am. Jur.2d Constitutional Law, § 75; 16 C.J. S. Constitutional Law § 16; United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368, rehearing denied 314 U.S. 707, 62 S.Ct. 51, 86 L.Ed. 565; Trustees of Dartmouth College v. Woodward, 17 U.S. (4 Wheat.) 518, 4 L.Ed. 629; Kreps v. Brady, 37 Okl. 754, 133 P. 216, 47 L.R.A.,N.S., 106; State ex rel. Ronish v. School Dist. No. 1, Fergus County, supra. That the Wyoming Constitutional Convention intended to create a legislature of relatively small size as befits the needs of such a sparsely populated state, is too clear for doubt. For instance, the first legislature consisted of 16 senators and 33 representatives. Article 3, § 50, Wyoming Constitution. This principle of smallness has been acquiesced in by the Wyoming people since statehood in 1890, and in determining the intent and purpose of the provision in question, great weight should be given to that acquiescence. 16 C.J.S. Constitutional Law, § 34; 16 Am.Jur.2d Constitutional Law, § 84. Therefore, if the court is required to make the reapportionment of the Wyoming senate by judicial decree, it will do so without regard to the Wyoming constitutional provisions insofar as they relate to the members of the senate, and will establish senatorial election districts to carry out the intent and purpose of the constitution, and at the same time provide for protection of the Wyoming electorate as guaranteed by the Fourteenth Amendment. So far as this Court is concerned, the Wyoming legislature may proceed likewise.

▆ In summary, we hold: (1) That the Wyoming Reapportionment Act of 1963, (Chapter 22, Session Laws of Wyoming, 1963), insofar as it provides for representation in the state senate, constitutes an invidious discrimination, and violates the equal protection clause of the Fourteenth Amendment to the Constitution of the United States; (2) that the Reapportionment Act of 1963, (Chapter 22), insofar as it provides for representation in the house of representatives, is not an invidious discrimination and does not violate the Fourteenth Amendment to the Constitution of the United States; (3) that the conditions and circumstances existing in the State of Wyoming are such that the provisions of Section 3, Article 3 of the Wyoming Constitution, which constitutes each county an election district and requires that each county be represented by at least one senator, is ineffective and is not to be considered when determination is made of the reapportionment of the Wyoming state senate; (4) that the judgment of this court, as reflected in paragraphs 1, 2 and 3 above, shall be a final judgment and, as such, subject to immediate review by either party; and (5) that jurisdiction of this case in all other respects, including the granting of injunctive and affirmative relief to plaintiffs, is retained. By this determination we do not disturb the apportionment of the Wyoming legislature as it is constituted for the 1965 session.

A judgment will be entered accordingly.

case, would be so monstrous, that all mankind would, without hesitation, unite in rejecting the application."

We think that language particularly appropriate here. None of the recent cases in this area require that a federal court adhere blindly to state law when to do so would produce a ridiculous result or perpetrate a manifest injustice upon a state and its people.