Harry H. SCHAEFER, Adrian W. Reynolds, Burton W. Marston, Patrick H. Meenan, Darlene Elliot, Ralph A. Urbigkit and Edwin H. Whitehead, Plaintiffs,

v.

Thyra THOMSON, as Secretary of State of the State of Wyoming, Thyra Thomson, Minnie A. Mitchell and Everett T. Copenhaver, as members of the Board of the State Board of Election Canvassers, and Clifford P. Hansen, as Governor of the State of Wyoming, Defendants.

William H. Harrison, Kenneth Youtz, Wilbur Mead, Lewis F. Hanson and Carl Emerich, Intervenors.

Civ. No. 4717.

United States District Court
D. Wyoming.

Oct. 8, 1965.

A. G. McClintock, Walter C. Urbigkit, Jr., and Maxwell E. Osborn, Cheyenne, Wyo., for plaintiffs.

John F. Raper, Atty. Gen. of State of Wyoming, and Dean W. Borthwick, Deputy Atty. Gen. of State of Wyoming, Cheyenne, Wyo., for defendants.

Paul B. Godfrey and Arthur Kline, Cheyenne, Wyo., for intervenors.

Before PICKETT, Circuit Judge, and KERR and DAUGHERTY, District Judges.

KERR, District Judge.

On November 23, 1964, this Court retained jurisdiction over this cause to afford injunctive and affirmative relief to the plaintiffs should "the Wyoming legislature fail[s] to reapportion the state senate prior to the 1966 election * * ".[1] At the original hearing of this proceeding we were of the opinion that it is primarily the duty of the state legislature to establish constitutional representation in the Wyoming State Senate. Affirmative judicial relief, therefore, was held in abeyance in order to give the Wyoming State Legislature the opportunity to redistrict the state and to enact a valid reapportionment law consonant with the United States constitutional requirements. Though several apportionment bills were introduced at the 38th Session of the Wyoming State Legislature[2] none was enacted into law.

Due to the failure of the Wyoming legislature to redistrict the state and to provide nearly equal representation in the state Senate on the basis of population, it is now incumbent upon this Court to reapportion the state Senate by judicial decree. Accordingly, on July 23, 1965, this Court ordered a Pre-trial Conference to be held on August 31, 1965. At said Pretrial Conference all the exhibits were offered and received, and the Court heard the arguments of counsel in support of the proposed reapportionment plans. In considering this problem of apportioning the state Senate this Court has had the benefit of the carefully prepared memorandum briefs and statistical analyses. The parties agreed that no additional evidence was necessary for the disposition of this case, and that the Court may decide the case upon the record of the pre-trial conference.

We reiterate our previous opinion that the Wyoming Reapportionment Act of 1963 (Chapter 22, Session Laws of Wyoming, 1963) is not an invidious discrimination insofar as it provides for representation in the State House of Representatives and in that respect it does not violate the Fourteenth Amendment to the United States Constitution. Holding that the Wyoming Senate, as constituted under said Reapportionment Act, was an invidious discrimination against the voters of the state, it was also the judgment of this Court that Section 3, Article 3 of the Wyoming Constitution is not to be considered when determination is made of the reapportionment of the Wyoming State Senate. We adhere to our original finding "that the conditions and circumstances existing in the state of Wyoming are such that the provisions of Section 3, Article 3 of the Wyoming Constitution, which constitutes each county an election district and requires that each county be represented by at least one senator, is ineffective and is not to be considered when determination is made of the reapportionment of the Wyoming state senate".

We are confronted, therefore, with the problem of reforming the senatorial districts to comply with the one-man-one vote constitutional standard, and to take care of the transition from the present unconstitutionally composed Senate to the corrected one.

1. Schaefer et al. v. Thomson et al., D.Wyo., 240 F.Supp. 247 (1964).

2. Convened January 12, 1965; Adjourned February 20, 1965.

Under the Wyoming Reapportionment Act of 1963, each county in the state has one senator, except for the two largest counties, Laramie and Natrona, each of which is represented by two senators. This results in a representation in those counties of one senator for approximately 30,000 inhabitants, whereas one senator in the smallest county represents 3,062. The only solution to this distorted representation is to rearrange the Wyoming constitutional scheme of districting. Combining some of the small over-represented counties into one district increases the number of inhabitants in the districts and reduces the disparity in representation.

A membership of thirty senators is the constitutional maximum as determined by the present membership in the state House of Representatives.[3] The parties agreed that the composition of the Senate should not exceed thirty members. We acquiesce.

To protect the electorate's constitutional right to equal representation in both houses of the legislature, we hereby allot one Senator per 11,500 inhabitants or major fraction thereof, and establish seventeen senatorial election districts. Whenever possible, we have preserved the established county boundaries, and have deviated therefrom only when necessary to satisfy the one-man-one-vote mandate of the equal protection clause of the federal constitution. We have combined only contiguous counties. (See Appendix "A") Applying the formula of one Senator for every 11,500 inhabitants or major fraction thereof, the state is hereby divided into the following districts and the Senators are apportioned as follows: [4]

| Counties | Senatorial Districts | Total population of District | Number of Senators |
|---|---|---|---|
| Albany | 1 | 21,290 | 2 |
| Big Horn | 1 | 11,898 | 1 |
| Campbell and Johnson | 1 | 11,336 | 1 |
| Carbon | 1 | 14,937 | 1 |
| Converse and Niobrara | 1 | 10,116 | 1 |
| Crook and Weston | 1 | 12,620 | 1 |
| Fremont and Hot Springs | 1 | 32,533 | 3 |
| Goshen | 1 | 11,941 | 1 |
| Laramie | 1 | 60,149 | 5 |
| Natrona | 1 | 49,623 | 4 |
| Park | 1 | 16,874 | 2 |
| Platte | 1 | 7,195 | 1 |
| Sheridan | 1 | 18,989 | 2 |
| Sublette, Teton and North Lincoln | 1 | 11,245 | 1 |
| Sweetwater | 1 | 17,920 | 2 |
| Uinta and South Lincoln | 1 | 12,097 | 1 |
| Washakie | 1 | 8,883 | 1 |
| | 17 | 329,646 | 30 |

3. Wyoming Constitution, Art. 3, Sec. 3, provides in part: " * * * but at no time shall the number of members of the house of representatives be less than twice nor greater than three times the number of members of the senate." The existing house of representatives numbers 61 members.

4. Population figures are taken from the United States Census of Population for 1960.

It is only after careful consideration and serious study that we have concluded that it is necessary to divide Lincoln County. The western and southwestern part of the State of Wyoming is not without its difficulties. There appears to be no way to apportion the population in Teton and Sublette Counties, with a combined population of only 6,840, without placing the north-half of Lincoln County within that district. This action is not unreasonable or arbitrary when one considers the population and geographical arrangement in this western and southwestern area. The only rational apportionment for the four counties in this area is to allow one Senator for the District of Teton, Sublette and the north-half of Lincoln County with the combined population of 11,234; and to join the south-half of Lincoln County with Uinta County as one District with a total population of 12,097, which entitles them to one Senator.

The point of division in Lincoln County is easily ascertainable by a natural boundary line. (See Appendix "B"). To form the new senatorial districts, Lincoln County will be divided at the township line common to Townships 26 and 27 North, 6th Principal Meridian, Wyoming. All that portion of Lincoln County lying north of the southern boundary line of Township 27 North, 6th Principal Meridian, Wyoming, is included in the Teton County, Sublette County and North Lincoln County senatorial district. All that portion of Lincoln County lying south of the southern boundary line of Township 27 North, 6th Principal Meridian, Wyoming, is included in the Uinta County and South Lincoln County senatorial district.

We are not persuaded that the plans proposed by the defendants are feasible. They are too complex. They would require this Court not only to combine certain counties but also to divide each of the six largest counties into several senatorial districts. Defendants' proposed plans do not contain a clear, concise, convenient or equitable method of outlining the districts.

The Intervenors were unable to cite any authorities, nor have we been able to find any, directing the federal courts to sub-district the multi-member districts. We believe that the reapportionment and redistricting herein ordered satisfies the United States Supreme Court standard of "substantial equality of population among the various districts, so that the vote of any citizen is approximately equal in weight to that of any other citizen in the State". Reynolds v. Sims, 377 U.S. 533, 579, 84 S.Ct. 1362, 1390, 12 L.Ed.2d 506. Under this posture we need go no further.

Mathematical precision is not a constitutional requisite. Reynolds v. Sims, supra. We have prescribed apportionment on a population basis, reducing the dilution in voting power from the ratio of 20 to 1 under the Wyoming Reapportionment Act of 1963 to the ratio of 2.08 to 1. It is not our goal to intrude on the state's political affairs; rather, we would formulate a basic pattern of equality in the right of suffrage to guide the state legislature in its future periodic readjustments and revisions as they become necessary to accommodate population shifts and growth.

No inference is to be drawn that the laws enacted by the 38th Wyoming State Legislature are invalid by reason of our finding that the representation in the state Senate constitutes an invidious discrimination. By our previous opinion we did not disturb the apportionment of the Wyoming legislature as it was constituted for the 1965 Session, and it sat as the duly convened legislative body of the State of Wyoming. By the same token, the members of the Senate of the 38th Wyoming State Legislature shall continue their term of office until the commencement of the 39th Wyoming State Legislature in January 1967, as the state of Wyoming must have a legislature at all times during this period of transition.

The final problem to be resolved is the method of transition from the improperly apportioned state Senate to the apportionment directed by this Court.

The present Wyoming Senators hold office pursuant to Article 3, Section 3 of the Wyoming Constitution, which we hold an invidious discrimination insofar as it requires that each county constitute an election district for the election of state Senators and that each county have at least one Senator. Furthermore, some of the Senators were elected and hold office pursuant to Chapter 22, Session Laws of Wyoming 1963, which we have held is contrary to the requirements of the Fourteenth Amendment of the United States Constitution and null and void insofar as it relates to the Wyoming Senate.[5]

Twelve of the present twenty-five Senators elected at the last general election would serve until January 1969, namely, those from Big Horn, Fremont and Goshen Counties, both the Senators from Laramie County, one of the two Senators from Natrona County, and the Senators from Niobrara, Park, Sheridan, Sublette, Teton and Uinta Counties.[6] Of the total number of hold-overs, only two Senators would continue to represent the same electorate by whom they were elected, namely, Big Horn and Goshen Counties. If the other hold-over Senators were permitted to finish their terms of office, the following inequities would result:

(1) The inhabitants of Hot Springs County, Converse County and Lincoln County would be without voter representation in the Senate until January 1969 for they would be represented by the hold-over Senators from Fremont, Niobrara, Sublette, Teton and Uinta Counties, respectively, for whom they had no opportunity to vote.

(2) The inhabitants in the new senatorial district embracing Teton and Sublette Counties, two of the smallest counties in the State, would be grossly overrepresented because of their two hold-over Senators, both of whom would continue to represent the new district until January 1969.

(3) The two hold-over Senators from Laramie County would represent, mathematically speaking, 30,000 inhabitants. Each of the three additional new Senators would represent 20,000 inhabitants, whereas under the new apportionment directed by this Court, there is to be a Senator for every 12,000 inhabitants in Laramie County.

(4) The same misrepresentation would result in Natrona Park and Sheridan Counties where additional Senators are to be added under the apportionment directed herein and where the presently elected Senators would hold over until January 1969.

The foregoing analysis demonstrates a situation that would be palpably unjust, irrational and constitutionally impermissible. Unequal representation in eight out of the seventeen new districts would continue until January 1969. This is an unnecessary delay, especially in view of the fact that we are sitting now to effect justice and to remedy the invidious discrimination in the Wyoming Senate. The inhabitants of the State of Wyoming have a federally guaranteed right to a constitutionally apportioned legislature in January 1967. We would be remiss in our duties were we to require them to wait until 1969 to enjoy equal representation in the Senate. That we have the authority to order remedial machinery was clearly announced in Reynolds v. Sims, supra.

Article 21, Section 18 of the Wyoming Constitution designates how the Legislature of the state of Wyoming shall be chosen: "Senators and members of the house of representatives shall be chosen by the qualified electors of the several senatorial and representative districts as established in this constitution, until such districts shall be changed by law, and thereafter by the qualified electors of the

5. Schaefer et al. v. Thomson et al., D.Wyo., 240 F.Supp. 247, 252.

6. Wyoming Official Directory, Compiled by the Secretary of State of Wyoming, Page 46.

several districts as the same shall be established by law".

The senatorial districts are now hereby changed. All the thirty Senators, therefore, who will comprise the 39th Legislature which will convene in January 1967, must be elected by the qualified electors of the senatorial districts as established herein. This is the only way to effectuate a constitutionally constituted state legislature at the next regular session commencing January 1967.

The procedure to be followed will be the same as that when the Senators were first elected after the adoption of the Wyoming Constitution. The terms of office for which the newly elected Senators will run and be elected will not be specified on the ballots. After the election the Senators will "be divided by lots into two classes as nearly equal as may be. The seats of the Senators of the first class shall be vacated at the expiration of the first two years, and of the second class at the expiration of four years." [7] The procedure followed by the First Wyoming Legislature on December 18, 1890, provides a pattern for the drawing of lots.[8] On that day lots were drawn for the two year and four year terms, pursuant to the following resolution:

"Whereas, by the requirements of the Constitution it is necessary that the members of the Senate decide by lot who of its members shall hold for four (4) years: Therefore be it Resolved:

That the drawing be made the special order of the day for December 18, 1890 and that the rules governing and the method of making the drawing be as follows, to-wit: —In the case of counties having two (2) or more Senators, the Senators from such county shall draw between themselves for the long or short term, and in the cases of counties represented by only one Senator, all of the Senators representing a county having only one Senator, shall draw between themselves for the long or short term.

The manner of drawing shall be as follows: in the case of the drawing between two or more Senators from the same county, the chief clerk shall place in a hat as many slips of paper of the same size and texture as there are Senators to draw. Upon one of said slips shall be written the words 'Long Term' and upon the others the words 'Short Term',—each of the Senators shall draw from the hat one of the slips of paper and announce which term he has drawn: he shall then hand the slip so drawn to the Chief Clerk, who shall also announce which term has been drawn.

In the case of the drawing between Senators representing counties having but one Senator, the Chief Clerk shall place in a hat as many slips of paper of the same size and texture as there are Senators so entitled to draw, upon three of which slips the words 'Long Term' shall be written, and upon the remaining slips the words 'Short Term' shall be written.

Provided further, that the proceedings of the said drawing shall be made a minute of record on the Journal of the Senate and that certificates shall be issued to the Senators drawing the long term: said certificates to be signed by the President of the Senate and attested by the Chief Clerk."

For the foregoing reasons we hold:

(1) That Article 3, Section 3, of the Wyoming Constitution is an invidious discrimination insofar as it requires that each county shall comprise a senatorial district and shall have at least one Senator;

(2) That the apportionment of the Wyoming State Senate as provided by Chapter 22, Session Laws of Wyoming 1963 is unconstitutional and void;

7. Wyoming Constitution, Article 3, Section 2.

8. State of Wyoming, Senate Journal, First Wyoming Legislature, Page 246.

(3) That the defendants, and each of them, and any and all persons acting in active concert and participation with them, be forever enjoined and restrained from taking any steps in the furtherance or conduct of the next general election of members of the Wyoming State Senate, in accordance with the provisions of Chapter 22, Session Laws of Wyoming 1963, insofar as said law pertains to the Senate of the Wyoming State Legislature;

(4) That the districting of the state for the apportionment and election of the members of the state Senate as set forth herein be complied with;

(5) That the defendants and all persons acting in concert and participation with them conduct the next general election in accordance with the districting and apportionment ordered herein;[9]

(6) That the intervenors take nothing by their complaint; and

(7) That nothing herein shall be construed to have retroactive effect with respect to the laws enacted by the 38th Session of the Wyoming State Legislature, or the terms of office of the present state Senators, except that said terms of office of the present state Senators shall expire in January 1967 at the commencement of the newly constituted Wyoming State Legislature.

This memorandum opinion sufficiently states the Findings of Fact and Conclusions of Law and additional Findings of Fact and Conclusions of Law are not necessary.

Judgment will be entered accordingly.

## APPENDIX "A".
## 17 SENATORIAL DISTRICTS.

9. We are not unmindful that some of the election procedures will have to be adapted to the redistricting and reapportionment ordered herein. Adjustments will be necessary with respect to Lincoln County, in particular, which has been divided for the purpose of reapportionment.

APPENDIX "B".

North
Lincoln
County

"Star
 Valley"

(Sublette County)

T. 27 N.

T. 26 N.

South Lincoln County

(Sweetwater County)

Lincoln County showing township line common
            to Townships 26 & 27 North
            Dividing Lincoln County to
            be included in two separate
            Senatorial Districts.