James **THOMPSON** et al., Plaintiffs,

v.

**Thyra THOMSON, Secretary of the State of Wyoming, et al., Defendants.**

No. 5651 Civil.

United States District Court,
D. Wyoming.
June 23, 1972.

Harold E. Meier, Lander, Wyo., for plaintiffs.

Clarence A. Brimmer, Atty. Gen. of the State of Wyoming, Cheyenne, Wyo., for defendants.

Before PICKETT, Senior Circuit Judge, and KERR and TEMPLAR, District Judges.

KERR, District Judge.

In this action plaintiffs challenge the constitutionality of the 1971 Reapportionment Act. They seek both declaratory and injunctive relief restraining defendants from enforcing said .Act. Jurisdiction is grounded upon the Fourteenth Amendment to the Constitution of the United States. 28 U.S.C. §§ 1343(3), (4), 2201–2202, and 42 U.S.C. §§ 1983 and 1988. A three judge court was convened pursuant to 28 U.S.C. § 2281.

The facts have been stipulated, obviating the necessity of oral testimony.

On February 20, 1971, the Wyoming State Legislature enacted the Legislative Apportionment Act in question. Plaintiffs, as citizens and qualified voters of the State of Wyoming, allege the Act constitutes an "invidious discrimination", which violates the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

The origin of the 1971 Act stems from two earlier decisions of this Court. In 1964 the Wyoming Reapportionment Act of 1963 was found to be unconstitutional with regard to the State Senate. Schaefer v. Thomson, 240 F.Supp. 247 (D.C.Wyo.1964). The opinion held that the Wyoming Reapportionment Act of 1963 insofar as it provided for representation in the State Senate constituted an invidious discrimination and violated the equal protection clause of the Fourteenth Amendment to the Constitution of the United States; that the Reapportionment Act of 1963 insofar as it provided for representation in the House of Representatives was not an invidious discrimination and did not violate the Fourteenth Amendment to the Constitution of the United States. This Court left to the legislature the task of reapportioning the Senate but retained jurisdiction in the event the legislature was unable to arrive at a valid law within the requirements of the United States Constitution.

The legislature was unable to properly redistrict the state and in 1965 this Court reapportioned the Senate by judicial decree. Schaefer v. Thomson, 251 F.Supp. 450 (D.C.Wyo.1966), affirmed Harrison, et al. v. Schaefer, et al., 383 U.S. 269, 86 S.Ct. 929, 15 L.Ed.2d 750 (1966). This Court again reaffirmed its 1964 decision respecting the House of Representatives and stated "We reiterate our previous opinion that the Wyoming Reapportionment Act of 1963 (Chapter 22, Session Laws of Wyoming, 1963) is not an invidious discrimination insofar as it provides for representation in the State House of Representatives and in that respect it does not violate the Fourteenth Amendment to the United States Constitution".

It seems best at this point to dispose of the issue concerning the alleged un-

constitutionality of the reapportionment of the House of Representatives. The Act made only five minimal adjustments to the 1963 Reapportionment of the House, which had previously been found constitutional by this Court and affirmed by the United States Supreme Court. The changes increased by one the number of representatives in three districts and decreased by one the number of representatives in two districts. These changes all reflected population variations.

We are of the opinion that the reapportionment of the House by the 1971 Act does not constitute invidious discrimination for the reason that the 1963 reapportionment of the House was not substantially altered and, therefore, the 1971 Act does not abridge the equal protection clause of the Fourteenth Amendment to the United States Constitution.

The allegation of unconstitutionality with respect to the Senate is not without its difficulties. To establish whether the 1971 reapportionment is constitutional it is necessary to examine the plan created by this Court in 1965. The Court divided the state into seventeen Senatorial Districts, which gave one Senator per 11,500 inhabitants, or major fraction thereof. The Court attempted to preserve historical county lines and did so, with one exception, viz: that of dividing Lincoln County in order to include it in two separate Senatorial Districts. 251 F.Supp., supra. The Court's reapportionment plan reduced " * * * the dilution in voting power from the ratio of 20 to 1 under the Wyoming Reapportionment Act of 1963 to the ratio of 2.08 to 1." Id. at 453.

In order to determine whether the 1971 Act amounts to invidious discrimination it is imperative to ascertain whether the changes made to this Court's 1965 plan, which was approved per curiam by the United States Supreme Court,[1] are so substantial as to remove the Act from the boundaries of this Court's Constitutional plan.

The legislature in 1971 employed essentially the same reapportionment plan as was set down by this Court in 1965. Based upon the 1970 census, it made only four changes so as to bring the districts closer to the ideal of one Senator representing each 11,500 persons in a district.

Since the last census, taken in 1960, the population of Wyoming increased from 329,646 to 332,416 in 1970, indicating a gain of slightly more than .007 percent. The most notable population change occurred in the Campbell and Johnson District. Its population increased from 11,336 in 1960, to 18,544 in 1970. The Legislature correctly determined that it was necessary to give this District another Senator in order to compensate the district for additional population. At the same time the Legislature did not desire to increase the total number of Senators from thirty since this Court in 1965 agreed this was a feasible number of Senators for the State. It was therefore necessary for the Legislature to take one Senator from another District.

To do this the Legislature separated the Fremont, Hot Springs District, having three Senators, and designated Fremont alone as a Senatorial District giving it two Senators. Although this caused Fremont to be under-represented, this will be offset in time since its population is on the increase. It then combined Washakie County, which originally stood alone as a Senatorial District having one Senator, with Hot Springs County to form a Senatorial District with one Senator. In this manner the Legislature was able to obtain the needed Senator for the Campbell and Johnson District. This particular maneuver entailed three of the four minor changes made by the Legislature.

The fourth change combined Goshen District, having one Senator, to Platte District, also having one Senator, thereby forming one District with two Sena-

---

1.  Harrison, et al. v. Schaefer, et al., supra.

tors. This reduced the number of Senatorial Districts from 17 to 16. This change was made since Goshen County was entitled to more than one Senator and Platte was entitled to less than one. By combining these two Districts the Legislature was able to offset the existing malapportionment.

The four changes, outlined above, are not so substantial as to constitute invidious discrimination. It is evident the Legislature reduced as much as possible the malapportionment created by population deviations. The fact some Districts are slightly over represented and others are slightly under represented does not in itself violate the Equal Protection Clause. " * * * it is a practical impossibility to arrange legislative districts so that each one has an identical number of residents, or citizens, or voters. Mathematical exactness or precision is hardly a workable constitutional requirement". Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). Furthermore, it is apparent on its face that the 1971 Act only made changes which reflect population fluctuations. That is what this Court in its decision in 1965 intended the Legislature to do. That opinion states the Court's reapportionment plan was " * * * to guide the state legislature in its future periodic readjustments and revisions as they become necessary to accommodate population shifts and growth." 251 F.Supp., at 453.

It is the opinion of the Court that the changes made by the 1971 reapportionment of the State Senate are so unsubstantial when compared with the 1965 plan that the 1971 Act does not constitute invidious discrimination. The Court holds the Act is constitutional and therefore declines to enjoin the defendants, as elective State officers, from proceeding under the Act.

Judgment of dismissal will be entered dismissing the complaint, together with the cause, the parties to pay their own costs.